# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNIVERSITY OF SOUTH FLORIDA
COLLEGE REPUBLICANS and its
President, Michael Fusella, individually;
and PINELLAS COUNTY YOUNG
REPUBLICANS, and its President Parisa
Mousavi, individually,

    Plaintiffs,

v.                                          Case No. 8:25-cv-02486-WFJ-TGW

HOWARD W. LUTNICK, in his official
capacity as Secretary of Commerce, and
RON S. JARMIN, in his official capacity
as Acting Director of the U.S. Census
Bureau,

    Defendants.
_____/

## MOTION TO CONVENE JUDICIAL
## PANEL AND MEMORANDUM OF LAW

Plaintiffs University of South Florida College Republicans, Michael Fusella, Pinellas County Young Republicans, and Parisa Mousavi ("Plaintiffs"), by and through undersigned counsel and pursuant to Pub. L. 105-119, § 209(b) hereby file this Motion to Convene Judicial Panel and Memorandum of Law ("Motion"). As grounds in support of this Motion, Plaintiffs state as follows:

1.    As pled in the Amended Complaint, this action is authorized by Pub. L. 105-119, § 209(b) ("Section 209(b)"), which provides that "Any person aggrieved

by the use of any statistical method in violation of the Constitution or any provision of law … in connection with the 2000 or any later decennial Census, to determine the population for purposes of the apportionment or redistricting of Members in Congress, may in a civil action obtain declaratory, injunctive, and any other appropriate relief against the use of such method."

2. Plaintiffs Fusella and Mousavi (the "Individual Plaintiffs") are "aggrieved person[s]" within the meaning of Pub. L. 105-119, § 209(d)(1), which provides a private right of action for: "any resident of a State whose congressional representation … could be changed as a result of the use of a statistical method challenged in the civil action."

3. Additionally, Plaintiffs have alleged that Defendants diluted the representative capacity in Congress for the Individual Plaintiffs and for the members of the University of South Florida College Republicans and the Pinellas County Young Republicans (the "Organizational Plaintiffs") through the 2020 Census.

4. The alleged use of statistical methods affected Florida and the representative composition of the 14th and 15th congressional districts, as well as state legislative districts covering the same locales. The Individual Plaintiffs and many members of the Organizational Plaintiffs reside in the affected locations.

5. By using statistical methods for the 2020 Census report, the Commerce Secretary and Census Director directly aggrieved Plaintiffs by basing Florida's

apportionment of congressional districts on an unconstitutional and unlawful methodology. Plaintiffs were similarly affected when Florida adopted the 2020 Census report as the basis for local redistricting.

6. Pursuant to Pub. L. 105-119, § 209(e)(1), this action "shall be heard and determined by a district court of three judges in accordance with [28 U.S.C. § 2284]."

7. 28 U.S.C. § 2284 provides, in pertinent part:

"(a) a district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts … (b) In any action required to be heard and determined by a district court of three judges under subsection (a) of this section, the composition and procedure of the court shall be as follows: (1) Upon the filing of a request for three judges, the judge to whom the request is presented shall, unless he determines that three judges are not required, immediately notify the chief judge of the circuit, who shall designate two other judges, at least one of whom shall be a circuit judge. The judges so designated, and the judge to whom the request was presented, shall serve as members of the court to hear and determine the action or proceeding."

8. This Motion constitutes such a request, as did the request noted in Plaintiffs' Amended Complaint. Therefore, Plaintiffs respectfully request that the Court immediately notify the United States Court of Appeals Chief Judge for the Eleventh Circuit, with instructions to convene a three-judge panel as required by law.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter an Order GRANTING this Motion and convening a three-judge panel pursuant to 28 U.S.C. § 2284, as required by Pub. L. 105-119, § 209(e)(1).

## MEMORANDUM OF LAW

9. The express, plain language of Section 209 requires actions brought pursuant to it to be "heard and determined by a district court of three judges in accordance with [28 U.S.C. § 2284]." Pub. L. 105-119, § 209(e)(1).

10. 28 U.S.C. § 2284 further requires the Court to convene a judicial panel *upon the filing* of an action invoking its procedures. It provides, in pertinent part: "a district court of three judges *shall* be convened when otherwise required by Act of Congress, or *when an action is filed*." 28 U.S.C. § 2284(a) (emphasis added).

11. Convening a judicial panel remains imperative on the Court unless it first "determines that three judges are not required." 28 U.S.C. § 2284(b)(1). In an action brought under Section 209(b), the statutory language simply provides no room for such a determination.

12. While suits brought under Section 209(b) may be rare, courts that have been asked to convene a three-judge panel have done so as a matter of course.

13. For example, in *Utah v. Evans,* 182 F.Supp.2d 1165 (D. Utah, 2001), the State of Utah and its Congressional delegation brought a similar lawsuit under Section 209(b) against the then-Secretary of Commerce and Acting Director of the

4

Census Bureau, seeking injunctive and declaratory relief. In *Evans*, as here, the operative complaint requested a three-judge panel as provided in the statute. The *Evans* court does not appear to have required a separate motion requesting a judicial panel to be filed, yet the court entered its order convening a three-judge panel shortly after Utah filed its complaint. *See Utah v. Evans*, 2:01-cv-00298-JTG (D. Utah, May 3, 2001).

14. Similarly, the two suits brought under Section 209(b) that were eventually decided together in *Department of Commerce v. U.S. House of Representatives*, 525 U.S. 316 (1999) also received a three-judge panel. In the first, *U.S. House of Representatives v. U.S. Department of Commerce*, 11 F. Supp. 2d 76 (D.D.C. 1998), the Court convened a three-judge panel before considering responsive pleadings or motions to dismiss. *See* 11 F. Supp. 2d at 94. Similarly, in the second case, *Glavin v. Clinton*, 19 F. Supp. 2d 543 (E.D. Va. 1998), responsive pleadings and dispositive motions were heard only after a three-judge judicial panel had been seated. *See* 19 F. Supp. 2d at 545–46.

15. There is no reason to wait in this case. The Defendants have been served but have not yet made an appearance or filed any papers, but their absence is immaterial to the issue addressed in this Motion.

16. The Court may only decline to seat a three-judge panel if it determines one is not "required." Because the express language of Section 209(b) and 28 U.S.C.

§ 2284 mandates that a panel shall be convened upon Plaintiff's request, the Court cannot make such a determination.

17. The Court should grant this Motion and convene a three-judge panel pursuant to 28 U.S.C. § 2284, as required by Pub. L. 105-119, § 209(e)(1).

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

Plaintiffs' counsel has attempted to confer in good faith with the United States Attorney for the Middle District of Florida and with the United States Department of Justice. Defendants have been served with both the summons and the operative complaint in this case but have yet to file any papers in this matter. Nor have any counsel for Defendants made an appearance in this matter. Consequently, it is unknown whether Defendants oppose this motion.

Dated: October 7, 2025

Respectfully submitted,

/s/ R. Quincy Bird
R. Quincy Bird (FBN 105746)
Timothy W. Weber (FBN 86789)
Jeremy D. Bailie (FBN 118558)
**WEBER, CRABB & WEIN, P.A.**
5453 Central Avenue
St. Petersburg, FL 33710
Telephone: (727) 828-9919
Facsimile: (727) 828-9924
Timothy.Weber@webercrabb.com
Jeremy.Bailie@webercrabb.com
Quincy.Bird@webercrabb.com
Secondary:
lisa.willis@webercrabb.com

honey.rechtin@webercrabb.com
natalie.deacon@webercrabb.com


James K. Rogers*
Ryan T. Gianetti*
AMERICA FIRST LEGAL FOUNDATION
611 Pennsylvania Ave. SE #231
Washington, D.C. 20003
James.Rogers@aflegal.org
Ryan.Gianetti@aflegal.org

*Counsel for Plaintiffs*
*\* Pro Hac Vice Motions forthcoming*