UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNIVERSITY OF SOUTH FLORIDA COLLEGE REPUBLICANS and its President, Michael Fusella, individually; and PINELLAS COUNTY YOUNG REPUBLICANS, and its President Parisa Mousavi, individually, <br><br> Plaintiffs, <br><br> v. <br><br> HOWARD W. LUTNICK, in his official capacity as Secretary of Commerce, and GEORGE COOK, in his official capacity as Acting Director of the U.S. Census Bureau,[1] <br><br> Defendants. | No. 8:25-cv-02486-WFJ-SDM-RSR <br><br> **[PROPOSED] ANSWER** |

## ALLIANCE FOR RETIRED AMERICANS, CAMERON DRIGGERS, AND MANUEL GUERRERO'S [PROPOSED] ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

---

[1] George Cook replaced Ron S. Jarmin as Acting Director of the U.S. Census Bureau on September 19, 2025. *See* Fed. R. Civ. P. 25(d).

1

Proposed Intervenor-Defendants, the Alliance for Retired Americans, Cameron Driggers, and Manuel Guerrero answer Plaintiffs' Amended Complaint (Doc. 2), as follows:

The Amended Complaint begins with one unnumbered paragraph to which no response is required. To the extent a response is required, Proposed Intervenors incorporate by reference the below paragraphs as their response, deny the allegations, and deny that Plaintiffs are entitled to any relief.

## INTRODUCTION

1. Paragraph 1 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that this is an action for declaratory and injunctive relief on the basis stated, deny that Plaintiffs are entitled to any relief, deny that the Census Bureau acted unlawfully, and otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations in Paragraph 1 and therefore deny them..

2. Paragraph 2 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations in Paragraph 2.

3. Paragraph 3 and footnotes 1 and 2 contain legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The cited statutes otherwise speak for themselves.

4. Denied.

5. Proposed Intervenors admit that Plaintiffs purport to seek a declaration that the 2020 Census Report was unlawful but deny that Plaintiffs are entitled to such relief and deny any remaining allegations in Paragraph 5.

6. Proposed Intervenors admit that Plaintiffs purport to seek the creation of a new 2020 Census Report that does not use statistical methods, but deny that Plaintiffs are entitled to such relief.

7. Proposed Intervenors admit that Plaintiffs purport to seek an injunction preventing the use of statistical methods in the 2030 Census, but deny that Plaintiffs are entitled to such relief.

## **PARTIES**

8. Proposed Intervenors admit that Florida's 15th Congressional District is represented by Congresswoman Laurel Lee. Proposed Intervenors otherwise lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore deny them.

9. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore deny them.

10. Proposed Intervenors admit that Florida's 14th Congressional District is represented by Congresswoman Kathy Castor. Proposed Intervenors otherwise lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10, and therefore deny them.

11. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore deny them.

12. Admitted.

## JURISDICTION AND VENUE

13. Denied.

14. Paragraph 14 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text, deny that the Court has subject matter jurisdiction of this action, and otherwise deny the remaining allegations in Paragraph 14.

15. Denied.

16. Denied.

17. Denied.

4

18. Denied.

19. Paragraph 19 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

20. Paragraph 20 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

21. Paragraph 21 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Plaintiffs have requested that the United States Court of Appeals Chief Judge for the Eleventh Circuit convene a three-judge panel.

22. Paragraph 22 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that under 28 U.S.C. § 1253, the Supreme Court has appellate jurisdiction over appeals from orders granting or denying interlocutory or permanent injunctive relief in any civil action required by statute to be heard by a three-judge district court, and otherwise deny the allegations in Paragraph 22.

# FACTUAL AND LEGAL BACKGROUND

## Constitutional Framework for Census and Apportionment

23. Paragraph 23 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited constitutional provision contains the quoted text. The provision otherwise speaks for itself.

24. Paragraph 24 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited constitutional provision contains the quoted text. The provision otherwise speaks for itself.

25. Paragraph 25 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the cited statute speaks for itself. Proposed Intervenors otherwise deny the remaining allegations in Paragraph 25.

26. Paragraph 26 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the cited statute speaks for itself. Proposed Intervenors otherwise deny the remaining allegations in Paragraph 26.

## Congressional Prohibition on Statistical Methods

27. Paragraph 27 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a

response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

28. Paragraph 28 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

29. Paragraph 29 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

30. Denied.

**Group Quarters Imputation Technical Methodology and Flaws**

31. Proposed Intervenors deny that Group Quarters Imputation had the effect of creating a fictitious population. Proposed Intervenors otherwise lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 and therefore deny them.

32. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore deny them. The cited document speaks for itself.

33. Denied.

7

34. Proposed Intervenors admit that many colleges and universities closed their dormitories during the COVID-19 pandemic in 2020. Proposed Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and therefore deny them.

35. Proposed Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and therefore deny them.

36. Proposed Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and therefore deny them.

37. Paragraph 37 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and therefore deny them.

38. Paragraph 38 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations in Paragraph 38.

39. Proposed Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, and therefore deny them.

40. Paragraph 40 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations in Paragraph 40.

41. Paragraph 41 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations in Paragraph 41.

42. Paragraph 42 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations in Paragraph 42.

### Differential Privacy Technical Implementation and Accuracy Impacts

43. Paragraph 43 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations in Paragraph 43.

44. Proposed Intervenors admit that the cited document contains the quoted text. The document otherwise speaks for itself. Proposed Intervenors otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44, and therefore deny them.

45. Paragraph 45 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations in Paragraph 45.

46. Paragraph 46 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations in Paragraph 46.

47. Proposed Intervenors admit that the cited document contains the quoted text. The document otherwise speaks for itself. Proposed Intervenors otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, and therefore deny them.

48. Proposed Intervenors admit that the cited document contains the quoted text. The document otherwise speaks for itself. Proposed Intervenors otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48, and therefore deny them.

49. Proposed Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, and therefore deny them.

50. Proposed Intervenors admit that the cited document contains the quoted text. The document otherwise speaks for itself. Proposed Intervenors otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, and therefore deny them.

51. Denied.

52. Denied.

53. Denied.

## CLAIMS FOR RELIEF
### COUNT I
*Violation of U.S. Const. Art. I, § 2 (Actual Enumeration Clause)*

54. Proposed Intervenors incorporate by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

55. Paragraph 55 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited constitutional provision contains the quoted text. The cited provision otherwise speaks for itself

56. Denied.

11

57. Denied.

58. Denied.

59. Denied.

## COUNT II
*Violation of the Fourteenth Amendment, § 2*
*(Proper Interpretation of "Whole Number of Persons")*

60. Proposed Intervenors incorporate by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

61. Paragraph 61 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited constitutional provision contains the quoted text. The provision otherwise speaks for itself.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

## COUNT III
*Violation of 13 U.S.C. § 195*
*(Prohibition on Statistical Sampling)*

66. Proposed Intervenors incorporate by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

67. Denied.

68. Denied.

12

69. Denied.

70. Denied.

71. Denied.

72. Denied.

### COUNT IV
*Violation of 13 U.S.C. § 141(a)*
*(Establishment of Census Day)*

73. Proposed Intervenors incorporate by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

74. Paragraph 74 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

75. Paragraph 75 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, the cited statute speaks for itself, and Proposed Intervenors otherwise deny the allegations in Paragraph 75.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

## COUNT V
*Violation of Pub. L. 105-119, § 209*
*(Prohibition on Statistical Methods)*

81. Proposed Intervenors incorporate by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

82. Paragraph 82 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

The complaint next includes unnumbered paragraphs, including sub-paragraphs (a)–(f), demanding equitable and declaratory relief. Proposed Intervenors deny that Plaintiffs are entitled to any relief in this action.

## GENERAL DENIAL

Proposed Intervenors deny every allegation in Plaintiffs' Amended Complaint for Declaratory and Injunctive Relief that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to state a claim upon which relief can be granted.

2. Plaintiffs lack standing and this Court therefore lacks jurisdiction under Article III of the U.S. Constitution.

3. Plaintiffs' claims are barred in whole or in part by equity, including on the basis of laches and unclean hands.

4. Plaintiffs have failed to establish entitlement to injunctive relief.

5. The relief sought by Plaintiff is inconsistent with the U.S. Constitution and federal law.

6. Plaintiffs lack a private right of action.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiffs' Complaint for Declaratory and Injunctive Relief, Proposed Intervenors pray for judgment as follows:

A. That the Court dismiss the Complaint for Declaratory and Injunctive Relief;

B. That judgment be entered in favor of Proposed Intervenors and against Plaintiff on Plaintiff's Complaint for Declaratory and Injunctive Relief and that Plaintiff takes nothing thereby;

C. That Proposed Intervenors be awarded reasonable attorneys' fees

and costs under any applicable statute or equitable doctrine; and

D.      For such other and further relief as the Court deems appropriate.

Dated: October 28, 2025

>Respectfully submitted,
>
>*/s/ Frederick S. Wermuth*
>Frederick S. Wermuth (Lead Counsel)
>Florida Bar No. 0184111
>Quinn B. Ritter
>Florida Bar No. 1018135
>**KING, BLACKWELL, ZEHNDER & WERMUTH, P.A.**
>25 East Pine Street
>Orlando, FL 32801
>Telephone: (407) 422-2472
>fwermuth@kbzlaw.com
>qritter@kbzwlaw.com
>
>*Counsel for Proposed Intervenors the Alliance for Retired Americans, Cameron Driggers, and Manuel Guerrero*