UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNIVERSITY OF SOUTH FLORIDA COLLEGE REPUBLICANS and its President, Michael Fusella, individually; PINELLAS COUNTY YOUNG REPUBLICANS, and its President Parisa Mousavi, individually; and BYRON L. DONALDS, in his official capacity as a Member of Congress,<br><br>　　　Plaintiffs,<br><br>v.<br><br>HOWARD W. LUTNICK, in his official capacity as Secretary of Commerce, and GEORGE COOK, in his official capacity as Acting Director of the U.S. Census Bureau,<br><br>　　　Defendants. | No. 8:25-cv-02486-WFJ-SDM-RSR |

**PROPOSED INTERVENORS' BRIEF**
**REGARDING THE NEED FOR A THREE-JUDGE PANEL**

Proposed Intervenors file this brief in response to the Court's October 29 Order, Doc. 38, directing supplemental briefing addressing the necessity of a three-judge panel.

1

This afternoon—two weeks after the Court ordered supplemental briefing about the need for a three-judge panel and nearly two months after Plaintiffs filed their original and first amended complaints—Plaintiffs filed a Second Amended Complaint that adds Congressman Byron Donalds as an additional plaintiff and makes many new factual allegations.

The Second Amended Complaint alters the three-judge court analysis but not the ultimate conclusion. In particular, Congressman Donalds is "any Representative . . . in Congress" and therefore—on that basis alone—falls within the statutory definition of an "aggrieved person" who may bring a claim in a three-judge court under Section 209(d)(2) of Public Law No. 105-119, as codified in a note to 13 U.S.C. § 141 ("Section 209"). Unlike other persons, there is no further statutory requirement that Congressman Donalds show that his "congressional representation or district could be changed as a result of the use of a statistical method" he challenges. *See* Section 209(d)(1).

That is not the end of the analysis, however. "A three-judge court is not required where the district court itself lacks jurisdiction." *Shapiro v. McManus*, 577 U.S. 39, 44–45 (2015) (quoting *Gonzales v. Automatic Emps. Credit Union*, 419 U.S. 90, 100 (1974)). For the reasons that Proposed Intervenors will give in their forthcoming motion to dismiss the Second Amended Complaint, Plaintiffs—including Congressman Donalds—lack Article III

2

standing. The district court therefore lacks jurisdiction, and "[a] three-judge court is not required" in the absence of jurisdiction. *Id.*

Moreover, as Proposed Intervenors will also explain in their forthcoming motion to dismiss, the Second Amended Complaint raises no "substantial federal question" that would support federal jurisdiction. *Id.* The Second Amended Complaint instead raises insubstantial arguments that are foreclosed by U.S. Supreme Court precedent, including *Utah v. Evans*, 536 U.S. 452 (2002), which rejected arguments that similar statistical methods violated the Constitution and the statutes that Plaintiffs invoke here. A three-judge court is not required for that reason as well. *Shapiro*, 577 U.S. at 44–45.

Proposed Intervenors intended to present these jurisdictional arguments to the Court in their filing today. However, Plaintiffs' decision to substantially amend their allegations without notice this afternoon left Proposed Intervenors with inadequate time to brief the jurisdictional sufficiency of the new allegations while complying with the Court's deadline. Proposed Intervenors will therefore explain the Second Amended Complaint's jurisdictional defects in their forthcoming motion to dismiss that pleading, due—if intervention is granted—14 days from today. Fed. R. Civ. P. 15(a)(3).

## CONCLUSION

For the reasons that will be explained in Proposed Intervenors' forthcoming motion to dismiss the Second Amended Complaint, a three-judge court is not required because there is no federal jurisdiction over this case.


Dated: November 12, 2025                    Respectfully submitted,

*/s/ Frederick S. Wermuth*
Frederick Wermuth (Lead Counsel)
Fla. Bar No. 0184111
Quinn B. Ritter
Fla. Bar. 1018135
**KING, BLACKWELL, ZEHNDER & WERMUTH, P.A.**
25 East Pine Street
Orlando, FL 32801
Telephone: (407) 422-2472
fwermuth@kbzlaw.com

*/s/ David R. Fox*
David R. Fox*
Richard A. Medina*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave NW, Suite 400
Washington, D.C.
Telephone: (202) 968-4490
dfox@elias.law
rmedina@elias.law

*Special admission

*Counsel for Proposed Intervenors Alliance for Retired Americans, Cameron Driggers, and Manuel Guerrero*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2025, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

*/s/ Frederick S. Wermuth*
Frederick S. Wermuth
Florida Bar. No. 0184111
