IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNIVERSITY OF SOUTH FLORIDA COLLEGE REPUBLICANS, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>HOWARD W. LUTNICK, Secretary of Commerce, *in his official capacity*, *et al.*,<br><br>*Defendants*. | Case No. 8:25-cv-02486-WFJ-SDM-RSR |

**Uniform Case Management Report**

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. The parties have agreed to waive Defendants' obligation to respond to the Second Amended Complaint, ECF No. 43, and plan to proceed directly to summary judgment.

1. **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference by phone and by email on 11/14/2025. Emily Percival, representing Plaintiffs, and Kevin Bell, representing Defendants attended the conference.

2. **Deadlines and Dates**

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|

| | |
|---|---|
| Deadline for Plaintiffs to file any dispositive motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 11/14/2025 |
| Deadline for Defendants to file an opposition to Plaintiffs' dispositive motion or, if necessary after review of Plaintiffs' dispositive motion, a motion under Fed. R. Civ. P. 56(d). | The Parties were unable to agree on a date—*see infra* Section 7. |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 5/2/2026 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 5/9/2026 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 5/16/2026 |
| Month and year of the trial term. | 8/1/2026 |

The trial will last approximately 5 days and be

☐ jury.

☒ non-jury.

3. **Description of the Action**

Plaintiffs allege that Defendants violated Article I, Section 2 of the U.S. Constitution, Section 2 of the Fourteenth Amendment, and various statutory provisions in the conduct of the 2020 Census by using certain methods for calculating the number of people residing in group housing, and for providing data privacy. On these bases, Plaintiffs demand declaratory and injunctive relief. Defendants deny these claims.

4. **Disclosure Statement**

☒ Each party has filed a disclosure statement using the required form.

5. **Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

"A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

☐ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☒ The parties do request a preliminary pretrial conference, and the parties want to discuss the briefing schedule for summary judgment.

8. **Discovery Practice**

The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☐ Yes.
☒ No; instead, the parties agree to these changes: The parties do not currently anticipate that discovery will be necessary to resolve the legal issues in this case, provided however, that Defendants reserve the right, after review of Plaintiffs' dispositive motion, to file an appropriate motion under Fed. R. Civ. P. 56(d) and/or offer expert testimony in response to Plaintiffs' factual assertions.

B. Discovery may be needed on these subjects: N/A.

C. Discovery should be conducted in phases:

☒ No.
☐ Yes; describe the suggested phases.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☒ No.
☐ Yes; describe the issue(s).

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.
☐ Yes; describe the stipulation.

**10. Request for Special Handling**

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

<u>/s/ Emily Percival</u>
James K. Rogers (AZ Bar No. 027287)*
Emily Percival (FBN 119313)
Ryan Giannetti (DC Bar No. 1613384)*-
Crystal Clanton (AL Bar No. 1746D29O)*
Robert A. Crossin (IN Bar No. 39340-49)*
**AMERICA FIRST LEGAL FOUNDATION**
611 Pennsylvania Ave., SE #231
Washington, D.C. 20003
Phone: (202) 964-3721
james.rogers@aflegal.org
emily.percival@aflegal.org
ryan.giannetti@aflegal.org
crystal.clanton@aflegal.org
bobby.crossin@aflegal.org

R. Quincy Bird (FBN 105746)
Timothy W. Weber (FBN 86789)
Jeremy D. Bailie (FBN 118558)
**WEBER, CRABB & WEIN, P.A.**
5453 Central Avenue
St. Petersburg, FL 33710
Telephone: (727) 828-9919
Facsimile: (727) 828-9924
timothy.weber@webercrabb.com
jeremy.bailie@webercrabb.com
quincy.bird@webercrabb.com
Secondary:
lisa.willis@webercrabb.com
honey.rechtin@webercrabb.com
natalie.deacon@webercrabb.com

*Admitted *pro hac vice*
 *Counsel to Plaintiffs*

<u>/s/ Kevin K. Bell</u>
KEVIN K. BELL
(GA Bar No. 967210)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Phone: (202) 305-8613
E-mail: Kevin.K.Bell@usdoj.gov
*Lead Counsel for Defendants*

5