# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| UNIVERSITY OF SOUTH FLORIDA COLLEGE REPUBLICANS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HOWARD W. LUTNICK, et al., <br><br> Defendants. | Case No. 8:25-cv-2486 <br><br> **PLAINTIFFS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DISPOSITIVE MOTIONS** |

**PLAINTIFFS' UNOPPOSED MOTION TO STAY DISCOVERY AND ALL REMAINING DEADLINES PENDING THE PANEL'S RESOLUTION OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND INTERVENORS' MOTION TO DISMISS**

University of South Florida College Republicans; Michael Fusella; Pinellas County Young Republicans; Parisa Mousavi; and Representative Byron Donalds (collectively "Plaintiffs"), by and through their undersigned counsel, pursuant to Federal Rule of Civil Procedure 26(c), and after conferring with opposing parties, move to stay discovery and, relatedly, all remaining deadlines until the Panel resolves the two pending dispositive motions.

## BACKGROUND

1. This case concerns constitutional and statutory challenges to certain practices employed by the U.S. Census Bureau, including a claim under Section 209(b) of Public Law No. 105-119.

2. Section 209(b) confers on federal district courts and the U.S. Supreme Court the duty to "advance on the docket and to expedite to the greatest possible extent the disposition of any such matter."

3. Plaintiffs filed a Complaint on September 15, 2025.

4. The matter was referred to Chief Judge Pryor on October 8, 2025, for consideration of the designation of a three-judge panel.

5. Chief Judge Pryor designated the three-judge panel on October 20, 2025.

6. Intervenors filed a Motion to Intervene on October 28, 2025, and the Court ordered briefing on the Motion on October 29, 2025.

7. Plaintiffs filed a Second Amended Complaint, a Brief regarding the necessity of the three-judge panel, and a Response in Opposition to Intervention on November 12, 2025.

8. Plaintiffs filed a Motion for Summary Judgment and Statement of Undisputed Facts on November 14, 2025, and filed a Case Management Report on November 15, 2025, in which Federal Government Defendants agreed that discovery was not needed in this case.

9. Plaintiffs consented in the Case Management Report to suspend the deadline for Federal Defendants to file an answer, pending the filing of Plaintiffs' Motion for Summary Judgment.

10. The Court granted the Motion for Intervention and issued a Case Management and Scheduling Order on November 20, 2025.

11. The Court's Scheduling Order implicitly acknowledges the duty to advance this case expeditiously, with deadlines for Initial Disclosures and Expert Disclosures already passed and a "Discovery Cut-Off" deadline of February 20, 2026.

12. The Court acknowledges in Footnote 2 of the Scheduling Order that the "parties agree that discovery is unnecessary," but leaves open the right of Defendants to file a Motion for Summary Judgment and/or offer expert testimony to rebut Plaintiffs' Motion for Summary Judgment.

13. Intervenors filed a Motion to Dismiss on November 26, 2025, and Plaintiffs filed their response on December 17, 2025.

14. Plaintiffs, Federal Government Defendants, and Intervenors exchanged Initial Disclosures on December 3, 2025.

15. Federal Government Defendants and Intervenors filed Responses and Statements of Disputed Material Facts on December 19, 2025.

16. Plaintiffs filed a Reply to these Responses on December 23, 2025.

17. Intervenors filed a Reply to Plaintiffs' Response to the Motion to Dismiss on December 24, 2025.

18. Plaintiffs and Intervenors exchanged Expert Disclosures on December 31, 2025.

19. Since the filing of the Second Amended Complaint—a month and half ago—the parties have advanced this case through the full briefing of two dispositive motions and the beginning of discovery.

20. The Court should now stay further discovery and all remaining deadlines given the need for expeditious resolution of this matter, the parties' agreement that discovery is unnecessary, and the pending dispositive motions.

## LEGAL STANDARD

The Panel "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997). This discretion may be used to stay discovery when a dispositive motion is pending. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985). "A stay of discovery is appropriate where the movant shows good cause and reasonableness." *Varga v. Palm Beach Cap. Mgmt., LLC*, 2010 WL 8510622, at *1 (S.D. Fla. Sep. 3, 2010) (internal quotation marks omitted).

When considering whether to stay discovery pending the resolution of a dispositive motion, the court "must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery." *Feldman v. Flood*, 176 F.R.D. 651,

4

652 (M.D. Fla. 1997) (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988)).

In considering a stay, the court "may take a 'preliminary peek' at the merits of a motion to see if it 'appears to be clearly meritorious and truly case dispositive.'" *Brooks v. Event Ent. Grp., Inc.*, 2020 WL 5535346, at *2 (S.D. Fla. Sep. 15, 2020) (citing *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006)); *see also Glynn v. Basil St. Partners, LLC*, 2010 WL 2508605, at *1 (M.D. Fla. June 16, 2010) (staying discovery after court took preliminary peek at dispositive motion to determine whether it was "clearly meritorious and truly case dispositive").

## ARGUMENT

### I. A stay is warranted because Plaintiffs and Federal Defendants agree that the merits can be resolved without factual development

Plaintiffs and Federal Defendants agree that the merits of Plaintiffs' claims can be resolved without further factual development.

Plaintiffs moved for summary judgment on the ground that this case does not turn on any genuine disputes of material fact. *See* ECF No. 50. Understanding that the dispute is purely legal, Plaintiffs urged the Panel to grant summary judgment in its favor or, in the alternative, to grant summary judgment for Defendants. *Id.* at 25 (urging the Panel in the alternative to

5

"enter summary judgment for Defendants under Federal Rule of Civil Procedure 56(f)(1), allowing Plaintiffs to immediately appeal").

After Plaintiffs moved for summary judgment, all parties agreed that the case should proceed directly to summary judgment and that "parties do not currently anticipate that discovery will be necessary to resolve the legal issues in this case," subject only to a reserved right to seek Rule 56(d) relief after reviewing Plaintiffs' motion. ECF No. 53 at 4. The Panel acknowledged that agreement in its Case Management and Scheduling Order, noting the parties' stipulation that discovery is unnecessary while preserving Defendants' limited Rule 56(d) reservation. *See* ECF No. 57 at 1 n.2 ("the parties agree that discovery is unnecessary").

Federal Defendants maintained this position in their response to Plaintiffs' motion for summary judgment, electing to brief only jurisdictional and procedural matters. *See* ECF No. 71 at 9–28. At no point in this case have Federal Defendants argued that any of Plaintiffs' claims require factual development to be resolved on the merits.

Likewise, Intervenors focus their briefing on threshold jurisdictional and procedural objections. *See* ECF No. 60 at 1 ("[T]he Court should dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim."); *see generally* ECF No. 69. By not briefing the potential substantive disputes on

6

the merits of Plaintiffs' claims, Intervenors have implicitly signaled their agreement that discovery is not necessary at this juncture.

In these circumstances, a stay of discovery is reasonable. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1343, 1367 (11th Cir. 1997) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion" because the dispute is purely legal and involves no issues of fact). When the parties agree that the motions turn on questions of law—and not on any disputed facts—discovery would do nothing to inform the court's analysis. *See id.*

In ruling on motions to stay discovery, courts emphasize the prudence of resolving threshold legal sufficiency issues before opening the doors to discovery because discovery is often the most burdensome and expensive phase of litigation. Staying discovery prevents avoidable costs where a dispositive ruling would render such discovery pointless. This shrewd exercise of discretion is especially warranted when the motions challenge jurisdiction, standing, timeliness, statutory preclusion, or the legal adequacy of the pleadings—issues that can and should be resolved on the existing record. That the parties themselves agree that discovery will not affect the outcome of those motions provides strong support for a finding of good cause under Rule 26(c) and for the Panel's exercise of its inherent authority to sequence proceedings efficiently. The Panel should rely on the Parties' mutual assent to avoid

7

unnecessary duplicative or cumulative discovery and to protect the parties from undue burden, consistent with Rule 26. A targeted, temporary stay preserves resources and aligns with Rule 1's directive to secure a just, speedy, and inexpensive determination of the action. *See* FED. R. CIV. P. 1.

## II. A stay is warranted because granting either pending motion would dispose of the case

A stay is appropriate because the operative legal issues presented by the pending motions can be decided without factual development. *Chudasama*, 123 F.3d at 1367 ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should ... be resolved before discovery begins"). Currently, Plaintiffs face an expensive incongruity: arguing in their Motion for Summary Judgment that there are no genuine disputes as to any material fact while, as a contingency, employing experts to analyze hypothetical factual issues.

Both Plaintiffs' Motion for Summary Judgment and Intervenors' Motion to Dismiss present dispositive legal issues that, if decided in either party's favor, would resolve all of Plaintiffs' claims. Plaintiffs' dispositive motion rests on issues of law and undisputed facts identified in the record; Intervenors' dispositive motion advances purely legal challenges to the sufficiency of the pleadings. Proceeding with discovery now would not aid the Panel's decision on those motions, would contradict prevailing case-management principles,

8

and would risk substantial and unnecessary expense. A stay until the Panel resolves the pending motions is therefore warranted.

### III.  The balance of interests favors granting a stay

"In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *McCabe*, 233 F.R.D. at 685 (citing *Feldman,* 176 F.R.D. at 652); *Wall v. Sw. Airlines*, No. 6:21-cv-1008, 2021 WL 8201975, at *1 (M.D. Fla. Sep. 1, 2021) (same). The application of that balancing test in this case strongly favors a stay.

The granting of either pending dispositive motion would end this case. All litigants benefit from avoiding the burdens and costs of discovery that might well be mooted by the Panel's rulings. Discovery in modern litigation—particularly involving electronically stored information, depositions, and expert work—is often time-consuming and costly. *Chudasama,* 123 F.3d at 1368. Where dispositive motions are likely to resolve the case, incurring those costs now would be wasteful.

A temporary stay also will not prejudice any party. There are no questions of fact regarding the claims that require discovery; the issues in this case are purely legal and can be decided on the current record. To the extent that any such claims might eventually be identified, the temporary stay

9

Plaintiffs request will have little to no impact. The requested stay is limited to the period necessary for the Panel to rule and preservation obligations will continue to safeguard any relevant materials if discovery becomes necessary.

Judicial economy also counsels in favor of a stay. By pausing discovery, the Panel conserves its own resources and those of the litigants, avoids supervising discovery disputes that could prove irrelevant, and adheres to the sequencing that best promotes efficient resolution. This approach is also consistent with a federal court's inherent authority to manage its docket and with the policy underpinning Rule 1. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).

Last, the public interest and the interests of any nonparties are served by avoiding unnecessary litigation expense and conserving judicial resources. A targeted, time-limited stay that hinges on imminent rulings promotes the orderly and efficient administration of justice without foreclosing any party's ability to pursue discovery if it becomes necessary.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Panel stay all remaining deadlines until it resolves the pending dispositive motions. During the period of the stay, Plaintiffs urge the Court to continue considering Plaintiffs' Motion for Summary Judgment. Federal Government Defendants have expressed a similar position, specifically in reference to the threshold

issues in the Motion. Insofar as any claims remain after the Panel's resolution of Plaintiffs' Motion for Summary Judgment and Intervenors' Motion to Dismiss, the parties will meet and confer and propose a new scheduling order within 7 days.

DATED: January 7, 2025

*/s/ Emily Percival*
James K. Rogers (AZ Bar No. 027287)*
Emily Percival (FBN 119313)
Ryan Giannetti (DC Bar No. 1613384)*
Crystal Clanton (AL Bar No. 1746D29O)*
Robert A. Crossin (IN Bar No. 39340-49)*
William Scolinos (DC Bar No. 90023488)**
**America First Legal Foundation**
611 Pennsylvania Ave., SE #231
Washington, D.C. 20003
Phone: (202) 964-3721
james.rogers@aflegal.org
emily.percival@aflegal.org
ryan.giannetti@aflegal.org
crystal.clanton@aflegal.org
bobby.crossin@aflegal.org
william.scolinos@aflegal.org

Respectfully submitted,

R. Quincy Bird (FBN 105746)
Timothy W. Weber (FBN 86789)
Jeremy D. Bailie (FBN 118558)
**Weber, Crabb & Wein, P.A.**
5453 Central Avenue
St. Petersburg, FL 33710
Telephone: (727) 828-9919
Facsimile: (727) 828-9924
timothy.weber@webercrabb.com
jeremy.bailie@webercrabb.com
quincy.bird@webercrabb.com

*Admitted *pro hac vice*

***Pro hac vice* application forthcoming

*Counsel to Plaintiffs*

11

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2025, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

*/s/ Emily Percival*
Emily Percival
