UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNIVERSITY OF SOUTH FLORIDA COLLEGE REPUBLICANS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HOWARD W. LUTNICK, et al., <br><br> Defendants. | No. 8:25-cv-02486-WFJ-SDM-RSR |

**INTERVENOR-DEFENDANTS' RESPONSE
TO PLAINTIFFS' MOTION TO STAY DISCOVERY**

Intervenor-Defendants submit this Response to clarify their position and to correct misstatements in Plaintiffs' Motion to Stay Discovery. Doc. 76.

Intervenors do not oppose the relief sought in the Motion to Stay: a stay of all deadlines in this case until the Court decides Intervenors' pending motion to dismiss, Doc. 60, and Plaintiffs' pending motion for summary judgment, Doc. 50. It was Plaintiffs who initially pushed for an extraordinarily expedited schedule in this case and who opposed even minor extensions of time for that reason. *E.g.*, Doc. 45 at 2; Doc. 61. If Plaintiffs no longer wish to proceed at that pace, Intervenors have no objection.

Intervenors submit this response specifically to address Plaintiffs' erroneous assertion that, "[b]y not briefing the potential substantive disputes

1

on the merits of Plaintiffs' claims, Intervenors have implicitly signaled their agreement that discovery is not necessary at this juncture." Doc. 76 at 6–7. Both the premise and the conclusion of that statement are wrong.

Intervenors have in fact extensively briefed the substantive merits of Plaintiffs' claims, in both their motion to dismiss and their opposition to Plaintiffs' motion for summary judgment. Doc. 60 at 14–21; Doc. 69 at 10–20. Intervenors' motion to dismiss argues that Plaintiffs' allegations are insufficient to state a claim as a matter of law, Doc. 60 at 14–21, and their summary judgment opposition argues that the undisputed facts do not support Plaintiffs' request for summary judgment on the merits, Doc. 69 at 10–20. If the case proceeds beyond these pending motions, Intervenors will also file their own motion for summary judgment, in which they will show that the undisputed facts require rejecting Plaintiffs' claims.

However, before Intervenors file their own summary judgment motion, some discovery will be necessary. On December 31—after the close of briefing on Plaintiffs' motion for summary judgment—Plaintiffs served two expert reports that directly contradict material claims Plaintiffs made in their second amended complaint and in their motion for summary judgment.

The first report, from Dr. Thomas Brunell, concedes that it "seems clear that [Differential Privacy] did not affect apportionment" between states. Ex. A at 2. This contradicts Plaintiffs' core allegation that, "[b]ut for the use of the

challenged statistical methods," one of which is Differential Privacy, "Florida would have gained two additional House seats and electoral college votes." Doc. 43 ¶ 77; *see also* Doc. 65 at 5 (relying on this allegation as a basis for standing); Doc. 50 at 4 (similar in seeking summary judgment).

The second report, from Dr. David Puelz, argues that the problem with Group Quarters Imputation was that it *imputed too few residents of group quarters*. Ex. B at 2. Plaintiffs have repeatedly argued precisely the opposite—that Group Quarters Imputation "added millions of fictitious college students to dormitories that sat empty during the pandemic." Doc. 43 ¶ 1, *see also id.* ¶¶ 38, 48; Doc. 65 at 10 (arguing in opposing dismissal that Group Quarters Imputation "insert[ed] fictitious persons into group quarters" that in fact "lacked a population because of the COVID-19 pandemic"); Doc. 50 at 18 (similar in seeking summary judgment).

If the case is not dismissed based on Plaintiffs' deficient pleadings, Intervenors will seek to depose these experts about these and other issues before filing their own summary judgment motion.

4

| | |
|---|---|
| Dated: January 8, 2026 | Respectfully submitted, |

| | |
|---|---|
| */s/ David R. Fox* | */s/ Frederick S. Wermuth* |
| David R. Fox* | Frederick Wermuth (Lead Counsel) |
| Richard A. Medina* | Fla. Bar No. 0184111 |
| Max C. Accardi* | Quinn B. Ritter |
| Tori Shaw* | Fla. Bar. 1018135 |
| **ELIAS LAW GROUP LLP** | **KING, BLACKWELL, ZEHNDER & WERMUTH, P.A.** |
| 250 Massachusetts Ave NW, Suite 400 | 25 East Pine Street |
| Washington, D.C. | Orlando, FL 32801 |
| Telephone: (202) 968-4490 | Telephone: (407) 422-2472 |
| dfox@elias.law | fwermuth@kbzlaw.com |
| rmedina@elias.law | |
| maccardi@elias.law | |
| tshaw@elias.law | |

*Special admission

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2026, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

*/s/ Frederick S. Wermuth*
Frederick S. Wermuth
Florida Bar. No. 0184111
