# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

|  |  |
|---|---|
| UNIVERSITY OF SOUTH FLORIDA COLLEGE REPUBLICANS, et al., | Case No. 8:25-cv-02486 |
| Plaintiffs, | **MOTION TO COMPEL DEFENDANTS TO PRODUCE THE ADMINISTRATIVE RECORD** |
| v. |  |
| HOWARD W. LUTNICK, et al., |  |
| Defendants. |  |

## INTRODUCTION

Plaintiffs respectfully move this Panel for an order compelling Defendants Howard L. Lutnick, George Cook, and the United States of America (collectively "Defendants") to produce the complete administrative record in this matter before Plaintiffs respond to the pending motions to dismiss. *See* ECF Nos. 96, 97. An order compelling production is necessary to ensure that the Panel can efficiently consider the issues raised in the motions to dismiss and "expedite to the greatest possible extent the disposition" of this case. Department of Commerce and Related Agencies Appropriations Act, 1998, Pub. L. 105-119, § 209(e)(2), 111 Stat. 2471, 2482 (1997).

## BACKGROUND

On February 17, 2026, Plaintiffs filed their Third Amended Complaint asserting three claims under the Administrative Procedure Act ("APA"). *See* ECF No. 88 at 39–42 (Counts III–V). These claims challenge the Census Bureau's extensive use of statistical methods in conducting the 2020 Census. The Third Amended Complaint repeatedly alleges that the Census Bureau's 2020 Census Operational Plan 5.0 constitutes final agency action subject to judicial review under the APA. *See id.* at 40, 42.

On February 25, 2026, Defendants filed an unopposed motion for an extension of time to respond to the Third Amended Complaint, requesting that both Defendants and Intervenors be given until March 27, 2026, to file their responses. ECF No. 92. The Panel granted the motion the same day. ECF No. 93.

On February 24, counsel for Plaintiffs conferred with counsel for Defendants regarding timelines for briefing, executing service on the United States, and production of the administrative record. During that communication, counsel for Plaintiffs requested that counsel for Defendants identify a timeline for compiling and producing the record underlying the challenged agency action. Defendants did not provide any suggestion of a production timeline on this call.

Since February 24, counsel for Plaintiffs followed up on March 4 and March 19. On March 4, counsel for Defendants only acknowledged receipt of counsel for Plaintiffs' email. On March 23, counsel for Defendants responded to counsel for Plaintiffs' March 19 email stating that Defendants' position is that the administrative record should not be produced until this Panel "rules on the Motion to Dismiss."

Today, counsel for Plaintiffs reached out to DOJ again to suggest that Defendants limit their Motion to Dismiss to threshold issues and drop the merits claims until after Motions to Dismiss in exchange for Plaintiffs not filing this motion. Counsel for Defendants declined this offer, and reiterated their opposition to this motion. Intervenors also oppose this motion.

On March 27, 2026, Defendants and Intervenors filed two separate motions to dismiss. *See* ECF Nos. 96, 97. Both motions raise arguments related to the merits of Plaintiffs' claims.

## LEGAL STANDARDS

Judicial review under the APA is confined to the "whole record" before the agency at the time of its decision. 5 U.S.C. § 706. "The role of the court is not to conduct its own investigation and substitute its own judgment for the administrative agency's decision." *Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs*, 87 F.3d 1242, 1246 (11th Cir. 1996). Instead, the court must "apply the appropriate . . . standard of review to the agency decision

3

based on the record the agency presents to the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985) (citation omitted). Courts must conduct a "thorough, probing, in-depth review" of the agency's actions, which necessarily requires access to the record upon which the agency relied. *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 415 (1971).

Courts must review the administrative record before ruling, including on threshold issues raised in a motion to dismiss. *See, e.g.*, *Atieh v. Riordan*, 727 F.3d 73, 75–77 (1st Cir. 2013) (reversing a Rule 12(b)(6) motion to dismiss where the district court improperly applied the plausibility standard and found the pleadings deficient, rather than reviewing the administrative record); *accord Gupta v. U.S. Att'y Gen.*, No. 13-cv-1027-Orl-40, 2014 WL 12868884, at *2 (M.D. Fla. Nov. 21, 2014) (requiring production of administrative record before expecting the plaintiff to respond to dispositive motions).

## ARGUMENT

### I.   Plaintiffs are entitled to the administrative record.

Plaintiffs challenging agency action under the APA have a presumptive right to obtain the complete administrative record. *Pres. Endangered Areas of Cobb's Hist., Inc.*, 87 F.3d at 1246.

Plaintiffs assert claims under the APA in their Third Amended Complaint. *See* ECF No. 88 at 39–42 (Counts I–V). These claims require the Panel to determine whether the Census Bureau's actions violated the law and

4

were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). In conducting that analysis, the Panel must evaluate whether the agency "examine[d] the relevant data and articulate[d] a satisfactory explanation for its action, including a rational connection between the facts found and the choice made." *Motor Vehicle Mfrs. Ass'n of the U.S. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (internal quotation marks and citation omitted). Judicial review is confined to "the grounds that the agency invoked when it took the action," and the Panel must determine whether the agency acted within the bounds of "reasoned decisionmaking." *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 16, 20 (2020) (citations omitted).

Resolving Plaintiffs' claims can be done only by examining the administrative record before the agency at the time of its decision. *See Pres. Endangered Areas of Cobb's Hist., Inc.*, 87 F.3d at 1246. Accordingly, Plaintiffs are entitled to the full administrative record underlying the Bureau's challenged actions.

The administrative record necessarily includes the Census Bureau's 2020 Census Operational Plan, along with the program memoranda, analyses, and related materials that informed the agency's decisions. The Operational Plan addresses imputation extensively and reflects the Census Bureau's decision to rely on imputation methods in the 2020 Census, including the scope,

5

criteria, and procedures governing their use. Because Plaintiffs' APA claims directly challenge those decisions, the materials that informed them are part of the administrative record and must be produced.

**II.    Producing the record now will allow the Panel to "expedite to the greatest possible extent the disposition" of this matter.**

Congress requires cases arising under Section 209 to receive extraordinary expedition. Courts must "advance on the docket" and "expedite to the greatest possible extent the disposition of any such matter." § 209(e)(2), 111 Stat. at 2482. Plaintiffs' claims fall squarely within this mandate, as reflected by Judge Jung's referral of this case to a three-judge panel. *See* ECF No. 26 (citing 28 U.S.C. § 2284).

Prompt production of the administrative record is therefore essential for the Panel to fulfill Congress's directive that this case proceed on an expedited timeline. Without the record, the Court cannot meaningfully evaluate the agency action at issue or efficiently resolve the claims presented.

Courts routinely require agencies to produce the administrative record before dispositive motions are briefed or decided. *See, e.g.*, *Gupta*, 2014 WL 12868884, at *2 (directing production of the administrative record before setting deadlines for dispositive motions); *Vargus v. McHugh*, 87 F. Supp. 3d 298, 303 (D.D.C. 2015) (granting a motion to compel production of the administrative record before resolving a motion to dismiss); *Pitman v. U.S.*

6

*Citizenship & Immigr. Servs.*, No. 17-cv-0166, 2017 WL 5991738, at \*2 (D. Utah Dec. 1, 2017) (holding that defendants' dismissal arguments regarding APA claims cannot be properly addressed until the administrative record is produced).

That sequencing is particularly appropriate here, as several arguments raised in Defendants' and Intervenors' motions to dismiss depend on the substance of the Bureau's decisionmaking and the materials before the agency at the time it acted. For example, Defendants present the Panel with countless assertions about their internal processes. *See, e.g.*, ECF No. 97 at 5–6 (describing the post-Census analysis and operational planning). Defendants then argue that Plaintiffs failed to adequately describe the agency's processes and failed to identify the accurate final agency action. *Id.* at 9. The merits of these disputes are necessarily resolved by consideration of the administrative record. Similarly, Intervenors argue that Plaintiffs cannot answer why a particular state may have experienced an undercount. ECF No. 96 at 5. But Plaintiffs have stated a claim to this effect, and facts in the administrative record will undoubtedly shed light on this factual dispute. These and other issues raised in the motions to dismiss cannot be evaluated in the absence of the administrative record.

Although the Middle District of Florida does not prescribe a specific deadline for producing the administrative record in APA cases, courts in

analogous contexts routinely impose defined timeframes for its filing. For example, in petitions for review of agency orders—including immigration matters—the agency must file the administrative record within forty days after service of the petition, unless a statute provides otherwise. FED. R. APP. P. 17(a). In the United States Tax Court, where review likewise proceeds on an administrative record, the parties must file the entire record, stipulated as to genuineness, no later than forty-five days after the court serves notice setting the case for trial, and any motion to complete or supplement the record must be filed within sixty days thereafter. U.S. TAX CT. R. 93(a)–(b). Similarly, in Social Security review actions, the Commissioner must serve an answer within sixty days, and the answer must include the certified administrative record. FED. R. CIV. P. SUPP. SS. R. 4(a)–(b).

These benchmarks reflect a common principle: judicial review of agency action cannot meaningfully proceed without the administrative record, and prolonged delay in its production is inconsistent with orderly adjudication.

The procedural posture differs here slightly because Plaintiffs filed a Third Amended Complaint. Even applying the most generous of the analogous timelines described above—sixty days from the operative pleading filed on February 17, 2026—the administrative record would be due on April 18, 2026. That date falls on the day after Plaintiffs' response to Defendants' motions to dismiss would be due and well before any ruling on those motions. Yet

8

Defendants have produced no portion of the administrative record and have staked out the position that the record should not be produced until *after* this Panel rules.

Delaying production until after resolution of the motions to dismiss would invert the proper sequence of APA review. It would also deprive Plaintiffs of the opportunity to identify any deficiencies in the administrative record—including whether the record is complete or whether supplementation is warranted—before the Court reaches issues intertwined with the merits of the agency's decisionmaking. The entire administrative record is necessary to avoid undue delay.

## III.   In the alternative, the Panel should limit briefing on the motions to dismiss to threshold jurisdictional issues.

If the Panel declines to require Defendants to produce the administrative record, it should (1) limit consideration of the pending motions to dismiss to threshold jurisdictional issues and (2) permit Plaintiffs to brief only those grounds for dismissal that do not implicate the administrative record without forfeiting the opportunity to brief those issues after the administrative record is produced. This approach preserves orderly judicial review and prevents premature merits determinations based on an incomplete record.

Courts routinely recognize that meaningful judicial review of agency action requires the administrative record. *See, e.g.*, *Salmeron-Salmeron v.*

*Spivey*, 926 F.3d 1283, 1286 (11th Cir. 2019) ("It is a foundational principle of administrative law that a reviewing court must review only the information that was before the agency at the time of [the agency's] decision . . . ." (citing *Camp v. Pitts*, 411 U.S. 138, 142 (1973))); *accord Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1573, 1575–76 (10th Cir. 1994); *United States v. Menendez*, 48 F.3d 1401, 1409–10 (5th Cir. 1995).

Because the administrative record defines the universe of materials relevant to review of the agency's decision, courts avoid resolving substantive challenges to agency action in its absence. Allowing merits briefing on motions to dismiss before production of the record risks requiring the Court to evaluate claims without the factual context necessary to assess the agency's reasoning and the basis for its decision. Limiting briefing at this stage to threshold jurisdictional issues ensures that the Court addresses only those questions that do not depend on the contents of the administrative record, while preserving Plaintiffs' ability to fully brief the merits once the record is produced.

## CONCLUSION

For the foregoing reasons, the Panel should grant this motion.

DATED: April 1, 2026                    Respectfully submitted,

*/s/ Emily Percival*                    R. Quincy Bird (FBN 105746)
Emily Percival (FBN 119313)              Timothy W. Weber (FBN 86789)
James K. Rogers (AZ Bar No. 027287)*     Jeremy D. Bailie (FBN 118558)
Ryan Giannetti (DC Bar No. 1613384)*     **Weber, Crabb & Wein, P.A.**
Crystal Clanton (AL Bar No. 1746D29O)*   5453 Central Avenue
Robert A. Crossin (IN Bar No. 39340-49)* St. Petersburg, FL 33710
Alice Kass (MD Bar No. 2511201130)*      Telephone: (727) 828-9919
**America First Legal Foundation**       Facsimile: (727) 828-9924
611 Pennsylvania Ave. SE #231            timothy.weber@webercrabb.com
Washington, D.C. 20003                   jeremy.bailie@webercrabb.com
Phone: (202) 964-3721                    quincy.bird@webercrabb.com
emily.percival@aflegal.org               Secondary:
james.rogers@aflegal.org                 lisa.willis@webercrabb.com
ryan.giannetti@aflegal.org               honey.rechtin@webercrabb.com
crystal.clanton@aflegal.org              natalie.deacon@webercrabb.com
bobby.crossin@aflegal.org
alice.kass@aflegal.org                   *Admitted *pro hac vice*

                                        *Counsel to Plaintiffs*

11

## LOCAL RULE 3.01(g) CERTIFICATION

I hereby certify that counsel for Plaintiffs and counsel for Defendants conferred via email and phone regarding this motion. The disputes raised in this motion were not resolved. Defendants oppose Plaintiffs' motion.

*/s/ Emily Percival*
Emily Percival (FBN 119313)

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2026, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

*/s/ Emily Percival*
Emily Percival (FBN 119313)

12