UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

|  |  |
|---|---|
| UNIVERSITY OF SOUTH FLORIDA COLLEGE REPUBLICANS, et al., | No. 8:25-cv-02486-WFJ-SDM-RSR |
| Plaintiffs, | |
| v. | |
| HOWARD W. LUTNICK, et al., | |
| Defendants. | |

**INTERVENORS' OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL DEFENDANTS
TO PRODUCE THE ADMINISTRATIVE RECORD**

Plaintiffs' Motion to Compel Defendants to Produce the Administrative Record ("Motion") is a misguided attempt to salvage claims that fail as a matter of law. Courts routinely resolve motions to dismiss in APA cases without requiring production of the administrative record where the issues involved are purely legal or otherwise do not require referencing the administrative record.

Each argument in Intervenors' motion to dismiss, Dkt. 96, falls into that category. Intervenors argue first that the complaint should be dismissed because Plaintiffs lack standing, and standing in APA cases must be resolved "based on the facts alleged in the complaint." *Kawa Orthodontics, LLP v. Sec'y,*

1

*U.S. Dep't of the Treasury*, 773 F.3d 243, 246 (11th Cir. 2014) (citation omitted).

Most of Intervenors' other arguments are purely legal: that Section 209 forecloses APA relief, that Plaintiffs' claims are untimely, and that Plaintiffs' constitutional claim is foreclosed by the Supreme Court's decision in *Utah v. Evans*, 536 U.S. 452 (2002), while the statute Plaintiffs rely on, 13 U.S.C. § 141(a), does not limit the Census Bureau's use of statistical methods. These are arguments that "the underlying premise of the complaint is legally flawed (rather than factually unsupported)" and therefore do not require the administrative record. *Atieh v. Riordan*, 727 F.3d 73, 76 n.4 (1st Cir. 2013). That leaves Plaintiffs' threadbare arbitrary and capricious claim in Count V, but courts regularly dismiss claims like those without reference to the administrative record, too. *See, e.g.*, *Lageyre-Ravelo v. Lyons*, No. 2:25-cv-1171-KCD-DNF, 2026 WL 575183, at *6 (M.D. Fla. Mar. 2, 2026).

In short, the Court should deny the Motion and resolve the pending motions to dismiss before proceeding further in this case.

## ARGUMENT

### I. The administrative record is not relevant to the pending motions to dismiss.

The Court should not order production of the administrative record before ruling on the pending motions to dismiss because the administrative record is unnecessary to resolve the issues presented in the pending motions.

2

Courts routinely resolve motions to dismiss for lack of jurisdiction or failure to state a claim in APA cases before the administrative record is produced. "For example," as even Plaintiffs' leading case explains, an APA claim may be dismissed under Rule 12(b)(6) without reference to the administrative record when "the underlying premise of the complaint is legally flawed (rather than factually unsupported)." *Atieh*, 727 F.3d at 76 n.4. "Directing the district court to scrutinize the administrative record to evaluate whether [an agency] complied with a fictitious legal requirement would be the height of pointlessness." *Animal Legal Def. Fund v. U.S. Dep't of Agric.*, 789 F.3d 1206, 1224 n.13 (11th Cir. 2015).[1] Each of the arguments raised in Intervenors' motion to dismiss is a legal argument of this type and therefore may and should

---

[1] *See also, e.g.*, *People for Ethical Treatment of Animals, Inc. v. U.S. Dep't of Agric.*, 851 F. App'x 896, 902 (11th Cir. 2021) (unpublished) (holding that the district court "did not need to review the administrative record" at the motion to dismiss stage because it "found that PETA could not bring its claim as a matter of law."); *Janay v. Blinken*, 743 F. Supp. 3d 96, 105 (D.D.C. 2024) ("[T]he Court concludes that the administrative record is unnecessary to decide the threshold legal questions presented by the pending motion to dismiss, including whether Plaintiffs have plausibly alleged unreasonable delay."); *District of Columbia. v. Trump*, 810 F. Supp. 3d 19, 35 n.8 (D.D.C. 2025) ("The administrative record is not necessary for the Court to resolve . . . Defendants' motion to dismiss on the claims analyzed in this opinion. The issues analyzed here only concern issues of statutory interpretation and the Court is not passing on Plaintiff's arbitrary and capricious claims."); *Connecticut v. U.S. Dep't of the Interior,* 344 F. Supp. 3d 279, 294 (D.D.C. 2018) (noting the practice of courts in the District of Columbia to waive production of the administrative record "when the administrative record is not necessary for the court's decision regarding a motion to dismiss." (citation modified)).

be resolved before the Court orders Defendants to compile and produce the administrative record.

### A.    Plaintiffs must establish standing before the Court can order the production of the administrative record.

Intervenors' first argument in their motion to dismiss is that Plaintiffs lack standing. Dkt. 96 at 4–11. Cases with APA claims, like all other federal cases, must be dismissed if the plaintiff's "*allegations* don't meet the constitutional standard" for standing. *Flat Creek Transp., LLC v. Fed. Motor Carrier Safety Admin.*, 923 F.3d 1295, 1300 (11th Cir. 2019) (emphasis added). Thus, in APA cases like all others, courts "must evaluate [the plaintiff's] standing based on the facts alleged in the complaint." *Kawa Orthodontics, LLP*, 773 F.3d at 246  (citation omitted). "Where, as here, a case is at the pleading stage, the plaintiff must clearly allege facts demonstrating each element" of the standing test. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). As in all cases, "Article III standing is a prerequisite to a federal court's exercise of subject-matter jurisdiction." *Carol King Landscaping Maint., Inc. v. Pizzella*, No. 2:19-cv-453-FtM-99NPM, 2019 WL 4694534, at *3 (M.D. Fla. Sep. 26, 2019) (APA case).

As Intervenors explained in their motion to dismiss, Plaintiffs lack standing because they fail to allege facts linking the imputation methods they challenge to the purported undercount that they say harms them. Dkt. 96 at

4

5–7. Nor have they adequately alleged an "informational injury." *Id.* at 8–11. Those arguments must be adjudicated "based on the facts alleged in the complaint." *Kawa Orthodontics, LLP*, 773 F.3d at 246. There is no basis for compelling production of the administrative record before resolving this jurisdictional question. *See In re United States*, 583 U.S. 29, 32 (2017) (holding the district court should have "first resolved the Government's threshold arguments" before compelling production of the administrative record).

**B.    The Court need not order production of the administrative record before holding that Section 209 forecloses Plaintiffs' APA claims.**

Intervenors' motion to dismiss also argues that the existence of the Section 209 cause of action precludes Plaintiffs from challenging the use of statistical methods under the APA. Dkt. 96 at 11–14. This is an argument that "the underlying premise of the [APA claims in the] complaint [are] legally flawed (rather than factually unsupported)" and accordingly can and should be addressed before production of the administrative record, even under the First Circuit's approach from *Atieh*. 727 F.3d at 76 n.4. To demand the production of the administrative record before ruling that the APA is inapplicable as a matter of law to Plaintiffs' claims "would be the height of pointlessness." *Animal Legal Def. Fund*, 789 F.3d at 1224 n.14. And because Plaintiffs' motion for production of the administrative record is premised entirely on their APA

causes of action, *see* Mot. at 2, such a ruling would eliminate any need to produce the administrative record at all.

### C.     The Court need not order production of the administrative record before holding Plaintiffs' claims time-barred.

For similar reasons, the Court may adjudicate Intervenors' argument that Plaintiffs' claims are barred by the statute of limitations or laches without resorting to the administrative record. Dkt. 96 at 14–21. A Rule 12(b)(6) motion to dismiss on statute of limitations grounds may be granted where, as here, "it is apparent from the face of the complaint that the claim is time-barred." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citation omitted). Similarly, "if the complaint on its face shows that the doctrine of laches bars relief, it is subject to dismissal under Rule 12(b)(6)." *Spiral Direct, Inc. v. Basic Sports Apparel, Inc.*, 151 F. Supp. 3d 1268, 1280 (M.D. Fla. 2015) (citation omitted).

Courts regularly apply this rule to dismiss facially untimely APA claims without first ordering production of the complete administrative record. *See, e.g.*, *Harris v. FAA*, 215 F. Supp. 2d 209, 214 (D.D.C. 2002) (denying motion to add to administrative record as moot after dismissing APA claim as time-barred); *Carver v. DeVos*, No. 3:19-cv-00191, 2020 WL 4227505, at *4 (M.D. Tenn. July 22, 2020) (holding that a motion to dismiss as time barred can be resolved without production of the administrative record taking the facts as

6

alleged in the complaint); *Mansor v. U.S. Citizenship & Immigr. Servs.*, 685 F. Supp. 3d 1000, 1010 (W.D. Wash. 2023) (explaining, in an APA case, that "[a] statute-of-limitations defense, if apparent from the face of the complaint, may properly be raised in a motion to dismiss" (citation omitted)).

> **D.      The Court need not order production of the administrative record before holding that Plaintiffs' claims fail as a matter of law.**

In addition to the issues of standing, the availability of an APA cause of action, and timeliness, Intervenors' motion to dismiss explains that Counts I–IV fail to state a claim on the merits because they do not identify a legal violation. Dkt. 96 at 21–25. Plaintiffs' constitutional argument is foreclosed by the Supreme Court's holding in *Utah v. Evans*, and their statutory claim under Section 141(a) fails because that section imposes no limits or obligations on the Secretary or the Census Bureau. *See* Dkt. 96 at 21–25. These arguments have nothing to do with the specific facts and issues before the agency—rather, the point is that Plaintiffs rely on "a fictitious legal requirement" that the Supreme Court rejected in *Evans*—so the Court need not order the production of the administrative record before dismissing the complaint on that basis. *Animal Legal Def. Fund*, 789 F.3d at 1224 n.13; *see also District of Columbia*, 810 F. Supp. 3d at 35 n.8. The administrative record has no bearing on any of these issues.

The same is true of Count V, which alleges in conclusory fashion that the Census Bureau's actions were "arbitrary and capricious" without explaining why, aside from the flawed legal arguments underlying Plaintiffs' other counts. Dkt. 88 ¶ 214. Courts have repeatedly held that, where a complaint offers no explanation of how an agency acted unreasonably, mere recitals of the APA's "arbitrary and capricious" standard cannot sustain a claim or justify production of the administrative record. "Simply reciting the APA's 'arbitrary and capricious' standard and gesturing at a regulatory citation is not a legal argument. A petitioner cannot just allege a violation and leave it to the Court to connect the dots." *Lageyre-Ravelo,* 2026 WL 575183, at *6; *see also, e.g.*, *Wise v. U.S. Dep't of Agric.*, No. 4:13-CV-234-BO, 2014 WL 5460606, at *3 (E.D.N.C. Oct. 27, 2014) ("The mere recitation of the words 'arbitrary' and 'capricious' in paragraph 39 of the complaint does not satisfy the *Iqbal* and *Twombly* standard for stating an APA claim."); *Vill. W. Assocs. v. Rhode Island Hous. & Mortg. Fin. Corp.*, 618 F. Supp. 2d 134, 139 (D.R.I. 2009) ("[A plaintiff] cannot manufacture an APA claim by way of a blanket request that the Court declare [defendant's] actions 'arbitrary[ or] capricious'"). Plaintiffs have failed to allege how or why the agency actions they challenge were "arbitrary and capricious," beyond merely reciting those words.

The factual allegations that *do* appear in the Complaint, moreover, demonstrate that the Bureau's actions were not arbitrary and capricious. The

8

Complaint quotes the Bureau's rationale at length, demonstrating that the agency "engaged in reasoned decisionmaking," the central inquiry under the APA. *Animal Legal Def. Fund, Inc. v. Perdue*, 872 F.3d 602, 619 (D.C. Cir. 2017); *see* Dkt. 88 ¶¶ 63, 64, 98. And Count V does not meaningfully engage with the Bureau's explanations cited elsewhere in the Complaint or explain why the Bureau's actions were unreasonable. "[S]imply calling something an APA claim does not make it so." *Vill. W. Assocs.*, 618 F. Supp. 2d at 139.

None of the cases cited by Plaintiffs suggests otherwise. Each involved circumstances in which the administrative record was incomplete, selectively presented, or otherwise improperly relied upon in a dispositive motion—such as where defendants filed a partial record, attached excerpts to a motion to dismiss, or the parties speculated about its contents. *See Gupta v. U.S. Att'y Gen.*, No. 6:13-cv-1027-Orl-40KRS, 2014 WL 12868884, at *2 (M.D. Fla. Nov. 21, 2014); *Vargus v. McHugh*, 87 F. Supp. 3d 298, 300 (D.D.C. 2015); *Pitman v. U.S. Citizenship & Immigr. Servs.*, No. 2:17-cv-0166, 2017 WL 5991738, at *3 (D. Utah Dec. 1, 2017). Here, in contrast, the legal deficiency in Plaintiffs' allegations is apparent on the face of the Complaint.

## II. Plaintiffs have failed to adequately identify the final agency action for which they seek the administrative record.

Plaintiffs' Motion also must be denied because they fail to specify with any particularity what precise administrative decisions they challenge or what

documents they believe they are lacking, making the compilation of an administrative record an unusually fraught and burdensome matter in this case. In an APA case, the "whole record" consists of "the full administrative record that was before the Secretary at the time he made his decision." *Citizens to Pres. Overton Park v. Volpe*, 401 U.S. 402, 419–420 (1971). In applying this standard, "lower courts have elaborated that the full administrative record includes all documents and materials directly or indirectly considered by agency decision-makers." *Save the Manatee Club v. EPA*, No. 6:22-CV-868-CEM-LHP, 2023 WL 4195043, at *3 (M.D. Fla. May 24, 2023) (citations omitted). But Plaintiffs have not clearly identified what the "challenged decision" is. Instead, their Complaint launches a broadside attack on the use of *any* imputation methods in the 2020 Census, declaring without elaboration that the "Defendants' use of imputation" was "arbitrary and capricious." Dkt. 88 ¶¶ 213–14. Plaintiffs' suggestion that their "fail[ure] to identify the accurate final agency action" will be "resolved by consideration of the administrative record," Doc. 98 at 7, is exactly backwards. Plaintiffs are not entitled to a freewheeling fishing expedition to identify potential final agency actions for challenge.

10

### III.    The Court should not limit the scope of briefing on the pending motions to dismiss.

Because nothing in the administrative record can save Plaintiffs' claims from dismissal on any of the grounds argued in the pending motions to dismiss, the Court should similarly deny Plaintiffs' alternative request to bifurcate briefing. Plaintiffs do not specify where they draw the line between "threshold jurisdictional issues" and "merits briefing." Dkt. 98 at 9–10. Both pending motions raise only one "jurisdictional" issue: Article III standing. *See* Dkt. 96 at 4–11. But while the remaining issues raised by Intervenors—timeliness, the availability of a cause of action under the APA, and the legal adequacy of Plaintiffs' claims—are not jurisdictional, they do completely bar relief as a matter of law without regard to the specific facts before the agency. The administrative record is therefore irrelevant to both the "threshold" and the "merits" arguments raised in the motions to dismiss, as discussed above. Limiting the motions to dismiss to "threshold" issues would only delay the efficient resolution of this case.

Moreover, Plaintiffs' effort to invoke Section 209's mandate to "expedite" cases brought under it as a reason to expedite review of their APA claims is inherently self-contradictory. Dkt. 98 at 6. If Section 209 applies then APA review is unavailable because, as Intervenors have explained, Dkt. 96 at 11–14, APA claims are available only if "there is no other adequate remedy in a

11

court." 5 U.S.C. § 704. To the extent that Section 209 applies to this case and requires expedition, the APA therefore does not apply and Plaintiffs have no entitlement to production of the administrative record under that statute.

## CONCLUSION

The Court should deny Plaintiffs' Motion.

**Dated: April 15, 2026**                    Respectfully submitted,

*/s/ David R. Fox*                           */s/ Frederick S. Wermuth*
David R. Fox* (Lead Counsel)                 Frederick Wermuth
Richard A. Medina*                           Fla. Bar No. 0184111
Max C. Accardi*                              Quinn B. Ritter
Tori Shaw*                                   Fla. Bar. 1018135
**ELIAS LAW GROUP LLP**                      **KING,  BLACKWELL,  ZEHNDER**
250 Massachusetts Ave NW                     **& WERMUTH, P.A.**
Suite 400                                    25 East Pine Street
Washington, D.C. 20001                       Orlando, FL 32801
Telephone: (202) 968-4490                    Telephone: (407) 422-2472
dfox@elias.law                               fwermuth@kbzlaw.com
rmedina@elias.law
maccardi@elias.law
tshaw@elias.law

*Special admission

12

## CERTIFICATE OF SERVICE

I hereby certify that on **April 15, 2026**, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

*/s/ Frederick S. Wermuth*
Frederick S. Wermuth
Florida Bar. No. 0184111

13