**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

UNIVERSITY OF SOUTH FLORIDA
COLLEGE REPUBLICANS, *et al.*,

    *Plaintiffs*,

    v.

HOWARD W. LUTNICK, Secretary of
Commerce, *in his official capacity*, *et al.*,

    *Defendants*.

Case No. 8:25-cv-2486-WFJ-SDM-RSR

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL DEFENDANTS TO PRODUCE THE
<u>ADMINISTRATIVE RECORD</u>**

Plaintiffs' Motion to Compel Defendants to Produce the Administrative Record ("Motion"), ECF No. 98, puts the cart before the horse. Plaintiffs seem to believe that any testing of the sufficiency of the allegations in their Complaint requires the Court to rule on the merits of their claims. *See* Mot. at 9. Not so. Plaintiffs cannot use the Motion to avoid their burden to state a cognizable cause of action. Defendants' Motion to Dismiss, ECF No. 97, raises purely legal arguments, including that Plaintiffs delayed filing their lawsuit in violation of laches and the statute of limitations, they lack Article III standing, and they do not identify a final agency action. *See* Defs.' Mot. Dismiss §§ I–II. The administrative record has nothing to do with those arguments and producing it will not assist the Court in resolving those arguments. Even Defendants' sole argument under Fed. R. Civ. P. 12(b)(6) does not require consideration of any

materials beyond the allegations and citations in the Complaint. *See id.* § III. Because the only potential final agency action identified by Plaintiffs is a broad, retrospective review of the entire 2020 Census, production of an administrative record here would be extremely burdensome and time consuming, likely leading to months of delays in the Court's disposition of this matter. Such delays cannot be squared with the Court's duty "to advance on the docket and to expedite to the greatest possible extent the disposition" of Plaintiffs' claims—especially when the administrative record has no relevance to the grounds for dismissal. *See* Department of Commerce, Justice & State, the Judiciary, & Related Agencies Appropriations Act, 1998, Pub. L. No. 105-119, § 209(e)(2), 111 Stat. 2440, 2482 (1997) ("Pub. L. No. 105-119").

The Court should deny Plaintiffs' Motion, and allow dispositive briefing to continue, ECF No. 96; Defs.' Mot. Dismiss.

## BACKGROUND

Plaintiffs filed their Third Amended Complaint ("Complaint"), ECF No. 88, on February 17, 2026, adding the United States as a Defendant and supplementing their claims under Pub. L. No. 105-119, § 209, Compl. ¶¶ 185–95 (Counts 1 and 2), with additional claims under the Administrative Procedure Act ("APA"), *id.* ¶¶ 196–217 (Counts 3 through 5). On February 25, 2026, Defendants filed their Unopposed Motion for Extension of Time to Respond to Plaintiffs' Third Amended Complaint, ECF No. 92, which the Court granted, ECF No. 93. Intervenor-Defendants and Defendants then filed motions to dismiss on March 27. ECF No. 96; ECF No. 97.

Defendants' Motion to Dismiss raised several threshold objections to Plaintiffs' suit, *see* Defs.' Mot. Dismiss §§ I–II. First, Defendants observed that Plaintiffs' unexcused delay in bringing the suit prejudiced Defendants, and this action is barred by the doctrine of laches and the applicable statute of limitations. *Id.* § I. Defendants also explained that Plaintiffs fail to plausibly allege facts supporting their Article III standing to bring these claims, while the Complaint alleges no final agency action that would provide jurisdiction under the APA. *Id.* § II. Finally, Defendants raised a single ground for dismissal under Rule 12(b)(6) because Plaintiffs fail to plausibly allege facts that state a claim for relief. *Id.* § III.

In one instance in the Background Section, Defendants point to the existence of earlier versions of the 2020 Operational Plan and note that the Court can properly take judicial notice that such versions exist. *See* Defs.' Mot. Dismiss at 6 n.1. However, Defendants' Motion to Dismiss seeks dismissal based on the allegations in the Complaint and the materials that Plaintiffs cite in support of those allegations.

Plaintiffs filed their Motion, ECF No. 98, seeking an administrative record for the 2020 Census Operational Plan Version 5.0 ("5.0 Plan"). *See* Motion at 2; *see also* Compl. ¶ 48 (citing U.S. Census Bureau, *2020 Census Operational Plan Version 5.0* 221 (2022), https://perma.cc/8XX6-YA5F), ¶ 201 (calling the 5.0 Plan "final agency action"). Moreover, Plaintiffs' Motion requests the Court to order production of the "administrative record in this matter before Plaintiffs respond to the pending motions to dismiss." Motion at 1.

## ARGUMENT

**I.    The Administrative Record Is Not Necessary to Resolve Defendants' Motion to Dismiss.**

Plaintiffs waited to file their Complaint for years after enumeration was completed, Congress was apportioned, representatives were elected, and the ability to challenge the 2020 Census was foreclosed. Nothing in any record for the 5.0 Plan would affect the Court's assessment of Plaintiffs' inexcusable delay and the resulting laches and statute of limitations problems that face their Complaint. *See* Defs.' Mot. Dismiss § I. Further, Plaintiffs plead no facts that meet the injury in fact, causation, and redressability requirements of Article III standing, and no administrative record can cure these fundamental flaws in the Complaint, let alone cure Plaintiffs' failure to identify a final agency action. *See id.* § II. The Court should consider these threshold issues before assessing whether Plaintiffs state a claim for relief under Rule 12(b)(6). *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Plaintiffs' approach of requiring an administrative record at the Rule 12 stage would render the rule largely meaningless in APA cases, effectively preventing the agency from seeking dismissal based on threshold issues in the pleadings or the facial sufficiency of the claims. *See* Fed. R. Civ. P. 12. Here, the Court's resolution of the numerous jurisdictional and other deficiencies identified in Defendants' Motion to Dismiss may result in the dismissal of this action in its entirety, or narrow the issues before the Court for proper consideration at summary judgment. These arguments do not depend in any way on consideration of a potential "administrative record" for the

5.0 Plan. Producing such a record would also unnecessarily delay the consideration of Plaintiffs' claims in contravention of the Court's duty to expedite their disposition under Pub. L. No. 105-119, § 209(e)(2). Plaintiffs' Motion should be denied.

### A. The Court should first address the threshold issues raised in the Motions to Dismiss.

Plaintiffs erroneously suggest that courts should require production of an administrative record at the motion to dismiss stage of APA litigation, where a defendant has not relied on the record. But this interpretation is wrong, and is not supported by the citations that they marshal. *See* Mot. at 6–7 (citing *Vargus v. McHugh*, 87 F. Supp. 3d 298, 301–02 (D.D.C. 2015) (granting motion to compel production of an administrative record when defendants' motion to dismiss relied on affidavits and declarations that might ordinarily be in an administrative record, but which were not cited in or attached to the complaint); *Pitman v. U.S. Citizenship & Immigr. Servs.*, Case No. 2:17-cv-166-CW-EJF, 2017 WL 5991738, at *3 (D. Utah Dec. 1, 2017) (denying motion to dismiss where defendants made no jurisdictional or other threshold arguments, and the court could not consider the Rule 12(b)(6) arguments "without the full administrative record"); *Gupta v. U.S. Att'y Gen.*, Case No. 6:13-cv-1027-Orl-40KRS, 2014 WL 12868884 (M.D. Fla. Nov. 21, 2014) (denying motion for summary judgment without prejudice where incomplete administrative record was at issue)).

To the contrary, the more typical—and better—approach is that taken by the U.S. District Court for the Northern District of Alabama in *Alabama v. U. S. Department of Commerce*, 396 F. Supp. 3d 1044 (N.D. Ala. 2019) (No. 2:18-cv-772-RDP). There,

the State of Alabama challenged the rule used to determine residency in the 2020 Census, claiming injury through vote dilution, loss of representation, and loss of funding. *See Alabama*, 396 F. Supp. 3d at 1050. Defendants moved to dismiss for lack of jurisdiction, and the Court only ordered production of an administrative record after denying the motion to dismiss. *See id.* at 1058; Initial Scheduling Order, *Alabama*, 396 F. Supp. 3d 1044 (No. 2:18-cv-772-RDP), ECF No. 111 (ordering production of administrative record by November 1, 2019—nearly five months after court denied the motion to dismiss). The Court should follow the same sequence here.

Plaintiffs also turn to non-precedential First Circuit authority for the proposition that "[c]ourts must review the administrative record before ruling, including on threshold issues raised in a motion to dismiss." *See* Motion at 4 (citing *Atieh v. Riordan*, 727 F.3d 73, 75–77 (1st Cir. 2013)). But the Eleventh Circuit has not adopted this rule. *See, e.g.*, *Morales v. Acting Sec'y, U. S. Dep't of Homeland Sec.*, No. 21-10835, 2022 WL 73761, at *6 (11th Cir. Jan. 7, 2022) (affirming district court's dismissal of APA case where facts alleged in complaint failed to support arbitrary and capricious claim). To make a "determination[]" under the APA, the court must "review the whole record or those parts of it cited by a party." 5 U.S.C. § 706. However, Section 706 defines "determinations" solely to apply to agency actions (*e.g.*, a finding that an agency action is "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law"). *See id*. In ruling on a motion dismiss for lack of subject matter jurisdiction or failure to state a claim, the court does not make a Section 706 "determination[]." *See People for Ethical Treatment of Animals, Inc. v. U. S. Dep't of Agric.*, 851 F. App'x 896, 902

6

(11th Cir. 2021). Rather, the determination at issue here is a legal finding that Plaintiffs cannot bring their claim as a matter of law. *See id.*

In any event, *Atieh* does not support Plaintiffs' argument. That case did not address threshold issues at all and has no bearing on this Court's consideration of the serious laches, statute of limitations, and jurisdictional deficiencies in the Complaint. *See Atieh*, 727 F.3d at 75. Rather, the First Circuit reviewed a fact-intensive immigration dispute concerning the government's determination that an individual "entered into a sham marriage . . . to evade the immigration laws." *See id.* The government filed a motion to dismiss for failure to state a claim under Rule 12(b)(6), but did not raise threshold arguments. *Id.* In contrast, Defendants' Motion to Dismiss raises several threshold issues. *See* Defs.' Mot. Dismiss §§ I–II; *see also U.S. S.E.C. v. Quest Energy Mgmt. Grp., Inc.*, 768 F.3d 1106, 1108 (11th Cir. 2014) ("standing 'is the threshold question in every federal case, determining the power of the court to entertain the suit.'" (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975))); *In re Dini*, 566 B.R. 220, 227 (Bankr. N.D. Ill. 2017) (referring to laches as a "threshold issue"); *San Carlos Apache Tribe v. U.S. Forest Service*, 803 F. Supp. 3d 879, 915, 919 (D. Ariz. 2025) (considering final agency action among "Threshold Issues") *aff'd sub nom. Ariz. Mining Reform Coal. v. U.S. Forest Serv.*, No. 25-5185, 2026 WL 958126 (9th Cir. Apr. 8, 2026). Thus, *Atieh* does not provide a reason to delay consideration of the issues raised in Defendants' Motion to Dismiss pending production of an administrative record.

Defendants' Rule 12 motion made purely legal arguments based on the

allegations and information included in the pleadings. Production of an "administrative record" for the 5.0 Plan is not required for this Court's review of Defendants' arguments under Rule 12. Indeed, it would not be proper since a Rule 12(b)(6) motion considers only the adequacy of the pleadings. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring plaintiff to allege a claim that "is plausible on its face" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The cases Plaintiffs marshal in support of their approach do not bear the weight of their arguments, and for good reason. Requiring production of an administrative record prior to considering threshold issues such as jurisdiction or whether a plaintiff has properly identified a final agency action would be disruptive and would waste party and judicial resources in the many cases that could be properly resolved on a Rule 12 motion without considering the record. The Court should deny Plaintiffs' Motion and turn to the threshold issues raised in Defendants' Motion to Dismiss. *See Ramming*, 281 F.3d at 161.

> **B.    Plaintiffs do not plausibly allege a final agency action.**

Plaintiffs cannot use their Motion to evade their burden of establishing a cognizable APA claim. Requiring production of the administrative record at this stage would be particularly unwarranted because Plaintiffs allege no final agency action in the Complaint, *see* Defs. Mot. Dismiss § II.D, and this Court thus lacks jurisdiction to consider their APA claims, *see Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1236 (11th Cir. 2003) ("[F]ederal jurisdiction is similarly lacking when the administrative action in question is not 'final.'"); *see also Jallali v. Secretary, U.S. Dep't*

*of Educ.*, 437 Fed. App'x 862, 865 (11th Cir. 2011) (dismissing case for lack of jurisdiction because agency action challenged was not final under APA). Thus, it is inefficient for the Court to order production of an administrative record and halt consideration of the threshold issues raised in the Motion to Dismiss §§ I–II, ECF No. 97.

Moreover, because the 5.0 Plan is not a final agency action and did not "mark the 'consummation' of the agency's decisionmaking process," *Bennett v. Spear*, 520 U.S. 154, 178 (1997) (citations omitted), Defendants are still assessing, though with diligence, what documents might be considered to be part of any "administrative record." The 5.0 Plan is 230 pages long, providing a retrospective and descriptive view of an array of issues related to testing, operational plans, and risks identified in the 2020 Census. *See* 5.0 Plan at 57–196 (describing 2020 Census operations, key risks, and quality analysis in detail). The 5.0 Plan includes 35 specific operations, which in turn include numerous processing steps and sub-operations, implemented during the 2020 Census. *See e.g.*, *id.* at 11, 57. As a result, the 5.0 Plan does not document any single, particular decision, and the scope of a potential "administrative record" for the plan is both broad and uncertain. In this context, the Court should first consider the numerous threshold issues presented in Defendants' Motion to Dismiss, ECF No. 97, including whether Plaintiffs fail to plausibly allege final agency action, which would obviate the Court's need to assert jurisdiction over the APA claims presented in Counts 3 through 5, Compl. ¶¶ 196–217.

**C.    Defendants' Rule 12(b)(6) argument does not require consideration of any administrative record.**

A potential "administrative record" has no bearing on Defendants' Rule 12(b)(6) argument. Defendants' argument is purely legal in nature and asks the Court to recognize that Plaintiffs' factual allegations and the documents cited in the Complaint concerning imputation do not support a reasonable inference that Defendants violated the law. *See* Defs.' Mot. Dismiss § III; *see also Gates v. Khokhar*, 884 F.3d 1290, 1296 (11th Cir. 2018) ("A Complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged."). Plaintiffs cannot use their Motion as a fishing expedition to determine the nature of their challenge and how to state a plausible claim.

Nevertheless, Plaintiffs argue that "several arguments raised in Defendants' . . . motion[] to dismiss depend on the substance of the Bureau's decisionmaking and the materials before the agency at the time it acted. For example, Defendants present the Panel with countless assertions about their internal processes." Motion at 7 (citing Defs.' Mot. Dismiss at 5–6). But Defendants' discussion of "post-Census analysis and operational planning," *id.*, was based almost entirely on documents cited in the Complaint. *See* Defs.' Mot. Dismiss at 5–6. The sole exception was when Defendants noted that multiple versions of the 2020 Operational Plan existed, and cited Version 1.1 of that plan, the existence of which this Court may properly take judicial notice. *See id.* at 6 n.1.

As with any proper Rule 12(b)(6) argument, Defendants' argument doesn't

require—or permit—consideration of extra-pleading factual information. *See* Rule 12(d); *Iqbal*, 556 U.S. at 678 (discussing *Twombly*, 550 U.S. at 570). Nor is this argument "intertwined with the merits of the agency's decisionmaking." Motion at 9. Instead, Defendants observe that Plaintiffs' allegations do not support a claim for relief because their claims are either conclusory or self-contradictory and do not permit a plausible inference of Defendants' liability. *See* Defs.' Mot. Dismiss § III; *see also Gates*, 884 F.3d at 1296.

Because of the internal contradictions between Plaintiffs' allegations and the sources they cite in support of those allegations, they do not even plead facts that are "merely consistent with" Defendants' liability. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). As a result, they fall far short of the pleading standard requiring "plausibility of 'entitlement to relief'" established by the Supreme Court. *See id.* (citation omitted). This argument is based entirely on Plaintiffs' Complaint, and the Court can properly consider it without needing to turn to a potential "administrative record" for the 5.0 Plan. *See Morales*, 2022 WL 73761, at *6.

## II. Producing an Administrative Record Here Would be a Significant Undertaking.

Even if the 5.0 Plan were a final agency action, which it is not, gathering and producing an administrative record "before Plaintiffs respond to the pending motions to dismiss," Motion at 1, would be significantly burdensome given the 5.0 Plan's complexity, and it would delay the efficient resolution of this matter. Defendants continue to assess the scope of the potential "administrative record" for the 5.0 Plan,

but based on currently available information, the record may be vast. The 5.0 Plan "covers all operations required to execute the 2020 Census, starting with precensus address and geographic feature updates, and ending once census data products are disseminated and coverage and quality are measured." 5.0 Plan at 2. As a result, a full "administrative record" for the 5.0 Plan might need to cover all the significant operations involved in the 2020 Census.

Producing a record of this magnitude would require significant time, unnecessarily consume substantial resources, and likely complicate the Court's duty "'to expedite to the greatest possible extent the disposition' of this case." *But cf.* Motion at 1, 6–9 (citing Section 209, Pub. L. No. 105-119, § 209(e)(2)). The least burdensome and most expeditious way for the Court to address Plaintiffs' claims is to consider first whether it can dispose of them at the threshold level, the arguments for which can be fully briefed in the pending Rule 12 motions. However, if the Court grants Plaintiffs' Motion, Defendants would need time to develop a plan for gathering and producing the record, and respectfully request 45 days to propose a production schedule for the administrative record.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' requested relief and allow briefing for the motions to dismiss to move forward.

Dated: April 15, 2026                    Respectfully submitted,


                                         BRETT A. SHUMATE
                                         Assistant Attorney General

                                         ALEXANDER K. HAAS
                                         Director

                                         STEPHEN M. ELLIOTT
                                         Assistant Branch Director

                                         /s/ *Kevin K. Bell*
                                         KEVIN K. BELL
                                         (GA Bar No. 967210)
                                         KATHRYN L. ALKIRE
                                         (FL Bar No. 1050146)
                                         Trial Attorneys
                                         United States Department of Justice
                                         Civil Division, Federal Programs Branch
                                         1100 L St. NW
                                         Washington, DC 20005
                                         Phone: (202) 305-8613
                                         E-mail: Kevin.K.Bell@usdoj.gov

                                         *Lead Counsel for Defendants*

13