## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| UNIVERSITY OF SOUTH FLORIDA COLLEGE REPUBLICANS, et al., | Case No. 8:25-cv-02486 |
| Plaintiffs, | **PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL DEFENDANTS TO PRODUCE THE ADMINISTRATIVE RECORD** |
| v. | |
| HOWARD W. LUTNICK, et al., | |
| Defendants. | |

### INTRODUCTION

Defendants and Intervenors do not dispute that Plaintiffs are entitled to the administrative record. They contest only the timing, arguing that the Panel should resolve the motions to dismiss before ordering production. Despite characterizing their arguments as "threshold" and "purely legal," Defendants and Intervenors repeatedly rely on the substance of the Census Bureau's decision-making, the contents of its documents, and the adequacy of its reasoning—all matters that cannot be properly evaluated without the administrative record. The oppositions, therefore, reinforce the need for immediate production.

## ARGUMENT

**I.    The motions to dismiss are not "purely legal" and cannot be resolved without the record.**

Neither Defendants nor Intervenors contend that Plaintiffs are not entitled to the administrative record, nor could they. It is blackletter law that plaintiffs challenging agency action under the APA have a presumptive right to the complete administrative record. *See Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs*, 87 F.3d 1242, 1246 (11th Cir. 1996). The only question is whether the Panel should order production now—before ruling on the motions to dismiss—or defer production to some later date.

Defendants and Intervenors repeatedly characterize their motions to dismiss as raising "purely legal" arguments that do not require the administrative record. *See* ECF No. 102 at 7; ECF No. 103 at 1. But that characterization does not withstand scrutiny.

Several arguments in the motions to dismiss depend squarely on the substance of the agency's decision-making. For example, Defendants present the Panel with assertions about the Bureau's post-Census analysis and operational planning and the contents of the 2020 Census Operational Plan. ECF No. 97 at 5–6. Defendants then argue that Plaintiffs failed to adequately describe the agency's processes and failed to identify the appropriate final agency action. *Id.* These are disputes about what the agency did, when it did

2

it, and how it did it—precisely the questions the administrative record exists to answer.

Similarly, Intervenors argue that Plaintiffs' arbitrary-and-capricious claim should be dismissed because the Third Amended Complaint ("TAC") "quotes the Bureau's rationale at length, demonstrating that the agency engaged in reasoned decision-making." ECF No. 101 at 8–9. This argument invites the Panel to assess the reasonableness of the agency's decision-making—a quintessential merits inquiry that demands the full administrative record. *See O'Neill v. Cate*, 647 F. Supp. 3d 1299, 1305 (S.D. Fla. 2022) ("[W]here the review concerns whether agency action was arbitrary or capricious under the APA, the sufficiency of the complaint is the question on the merits … ." (internal quotations omitted)).

Intervenors also argue that Plaintiffs' Motion should be denied because Plaintiffs "fail to specify with any particularity what precise administrative decisions they challenge." *Id.* at 9. But this argument is self-defeating. If there is any ambiguity about the scope of the challenged agency action—and Plaintiffs maintain that the TAC clearly identifies the 2020 Census Operational Plan Version 5.0 as the final agency action—the administrative record will resolve that question. *See, e.g., LabMD, Inc. v. F.T.C.*, 776 F.3d 1275, 1278–79 (11th Cir. 2015) (reversing the district court's grant of the motion to dismiss after reviewing circumstances and documents regarding

3

final agency action). As Plaintiffs explained in their Motion, any dispute over the identification of the final agency action is "necessarily resolved by consideration of the administrative record." ECF No. 98 at 7.

The briefing thus confirms what Plaintiffs stated in their Motion: The issues raised in the motions to dismiss cannot be resolved without the administrative record.

## II.   Defendants misstate the operative legal standard.

Defendants argue that the Eleventh Circuit has not adopted the rule that courts must review the administrative record before ruling on motions to dismiss in APA cases, pointing to *Morales v. Acting Sec'y, U.S. Dep't of Homeland Sec.*, No. 21-10835, 2022 WL 73761, at *6 (11th Cir. Jan. 7, 2022). *See* ECF No. 102 at 6–7. But *Morales* is an unpublished, non-precedential opinion. And the court in *Morales* did not address whether the administrative record should be produced before ruling on a motion to dismiss; it simply affirmed a dismissal where the complaint's own allegations were insufficient. 2022 WL 73761 at *6. That non-binding ruling says nothing about whether a court should deprive a plaintiff of access to the record before evaluating arguments intertwined with the merits.

In fact, federal district courts—including those in the Eleventh Circuit— have explicitly held that "when a complaint seeks review of agency action under the APA … there is no real distinction … between the question presented

4

on a 12(b)(6) motion and a motion for summary judgment." *O'Neill*, 647 F. Supp. 3d at 1305 (internal quotations omitted). Practically speaking, the Panel may "go beyond" the allegations in the TAC and review "the whole record which consists of all documents and materials directly or indirectly considered by agency decision-makers." *Id*.

The APA's text affirms: judicial review must be conducted on "the whole record." 5 U.S.C. § 706. Courts must conduct a "thorough, probing, in-depth review" of the agency's actions, which necessarily requires access to the record. *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 415 (1971). And where, as here, arguments in the motions to dismiss go to the substance of the agency's reasoning, the record is indispensable. *See id.*

Defendants' reliance on *Alabama v. U.S. Dep't of Com.*, 396 F. Supp. 3d 1044 (N.D. Ala. 2019), is similarly misplaced. In *Alabama*, the defendants raised a straightforward jurisdictional challenge, and the court ordered production of the administrative record immediately after denying the motion to dismiss. *See* 396 F. Supp. 3d at 1058; Initial Scheduling Order, *Alabama*, 396 F. Supp. 3d at 1044 (No. 2:18-cv-772), ECF No. 111 (ordering production of administrative record). Here, by contrast, Defendants and Intervenors have laced their motions to dismiss with arguments that go well beyond jurisdiction and implicate the substance of the agency's decision-making. The procedural posture is therefore materially distinguishable.

5

### III.    Defendants' claims of burden are overstated and self-inflicted.

Defendants argue that producing the administrative record would be burdensome and would cause months of delay. But this burden is of the Defendants' own making. Plaintiffs first requested a timeline for production on February 24, 2026. Defendants did not respond substantively until March 23, 2026, when they took the position that the record should not be produced until after the Panel rules on the motions to dismiss. Had Defendants begun assembling the record promptly, production would be well underway. Defendants cannot refuse to begin production, then cite the resulting delay as a reason to defer production further.

Moreover, Defendants themselves acknowledge that they "continue to assess the scope of the potential 'administrative record' for the 5.0 Plan." ECF No. 102 at 11–12. If the record's scope is truly as uncertain as Defendants suggest, that is all the more reason to begin the process now rather than waiting until after dispositive rulings that may themselves require the record to be evaluated properly.

Congress mandated that this Panel "expedite to the greatest possible extent the disposition" of this case. Department of Commerce and Related Agencies Appropriations Act, 1998, Pub. L. No. 105-119, § 209(e)(2), 111 Stat. 2471, 2482 (1997). Delaying production of the administrative record while the

6

parties brief and the Panel rules on motions that implicate the record's contents is the opposite of expedition.

## IV. The Panel should not opine on issues related to the agency's decision-making without the administrative record.

Plaintiffs' alternative request—that the Panel limit briefing on the motions to dismiss to threshold jurisdictional issues if it declined to order production of the administrative record—is now moot, as Plaintiffs briefed all issues raised in the motions. *See* ECF No. 103.

Plaintiffs nevertheless maintain that the Panel should not assess the merits of the agency's decision-making without the administrative record. The APA requires review on the full record before the agency at the time of decision. Insofar as the motions challenge the agency's explanations, representations, or decision-making process, the Panel should defer consideration until the administrative record is produced.

## CONCLUSION

For the foregoing reasons, the Panel should grant Plaintiffs' motion and order Defendants to produce the complete administrative record within 14 days of ruling on this motion.

DATED: April 22, 2026

Respectfully submitted,

*/s/ Emily Percival*
Emily Percival (FBN 119313)
James K. Rogers (AZ Bar No. 027287)*
Ryan Giannetti (DC Bar No. 1613384)*
Crystal Clanton (AL Bar No. 1746D29O)*
Robert A. Crossin (IN Bar No. 39340-49)*
Alice Kass (MD Bar No. 2511201130)*
**America First Legal Foundation**
611 Pennsylvania Ave., SE #231
Washington, D.C. 20003
Phone: (202) 964-3721
emily.percival@aflegal.org
james.rogers@aflegal.org
ryan.giannetti@aflegal.org
crystal.clanton@aflegal.org
bobby.crossin@aflegal.org
alice.kass@aflegal.org

R. Quincy Bird (FBN 105746)
Timothy W. Weber (FBN 86789)
Jeremy D. Bailie (FBN 118558)
**Weber, Crabb & Wein, P.A.**
5453 Central Avenue
St. Petersburg, FL 33710
Phone: (727) 828-9919
timothy.weber@webercrabb.com
jeremy.bailie@webercrabb.com
quincy.bird@webercrabb.com
Secondary:
lisa.willis@webercrabb.com
honey.rechtin@webercrabb.com
natalie.deacon@webercrabb.com

*Admitted *pro hac vice*

*Counsel to Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2026, I electronically filed the

foregoing with the Clerk of Court by using CM/ECF, which automatically

serves all counsel of record for the parties who have appeared.

*/s/ Emily Percival*
Emily Percival (FBN 119313)

8