## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| UNIVERSITY OF SOUTH FLORIDA COLLEGE REPUBLICANS, MICHAEL FUSELLA, PINELLAS COUNTY YOUNG REPUBLICANS, PARISA MOUSAVI, GRETCHEN ZOELLER, and BYRON L. DONALDS, <br><br> *Plaintiffs*, <br><br> v. <br><br> SECRETARY OF COMMERCE and ACTING DIRECTOR, U.S. CENSUS BUREAU, <br><br> *Defendants*, <br><br> ALLIANCE FOR RETIRED AMERICANS, MANUEL GUERRERO, and CAMERON DRIGGERS, <br><br> *Intervenors-Defendants*. | Case No. 8:25-cv-02486 <br> **THREE-JUDGE PANEL** |

## PLAINTIFFS' OPPOSED MOTION TO MODIFY THE CASE MANAGEMENT AND SCHEDULING ORDER

University of South Florida College Republicans, Michael Fusella, Pinellas County Young Republicans, Parisa Mousavi, Gretchen Zoeller, and Byron L. Donalds (collectively, "Plaintiffs") respectfully move this Panel, pursuant to Federal Rule of Civil Procedure 16(b)(4), for an order modifying the Case Management and Scheduling Order, *see* Dkt. 57, to set a new deadline

of June 15, 2026, for the production of the administrative record. Defendants and Intervenors oppose this motion.

## I.   BACKGROUND

On November 15, 2025, the parties filed a Case Management Report indicating that they did not anticipate that discovery would be necessary to resolve the legal issues in this case. Dkt. 53 at 4. On November 20, 2025, the Court entered a Case Management and Scheduling Order setting a discovery cut-off of February 20, 2026. Dkt. 57 at 1.

On February 3, 2026, the Court dismissed Plaintiffs' Second Amended Complaint. Plaintiffs subsequently filed a Third Amended Complaint, which, for the first time, asserted claims under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq. Dkt. 84; 88. Because APA claims are resolved on the administrative record rather than through traditional discovery, *see Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, Plaintiffs promptly began efforts to obtain the administrative record from Defendants. 87 F.3d 1242, 1246 (11th Cir. 1996).

Beginning on March 4, 2026, Plaintiffs' counsel communicated with Defendants' counsel on multiple occasions regarding the production of the administrative record. Despite these efforts, Defendants did not produce the record or provide a timeline for doing so. On April 1, 2026, Plaintiffs filed a Motion to Compel Production of the Administrative Record, *see* Dkt. 98,

2

seeking to obtain the materials necessary for this Court's review of Plaintiffs' APA claims.

On April 29, 2026, this Court denied Plaintiffs' Motion to Compel as untimely, noting that "the docket does not show any request to reopen or extend discovery." Dkt. 106 at 2. The Court further stated that "[i]f an extension or reopening of discovery is requested, a party may move for the same after consultation with opposing counsel." *Id.* Plaintiffs now file this Motion in accordance with the Court's guidance.[1]

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." The good-cause inquiry focuses principally on the diligence of the party seeking amendment. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418–19 (11th Cir. 1998) (per curiam). If the movant acted diligently and could not have met the deadline despite reasonable effort, good cause is established. *Id.* at 1418–19.

---

[1] Plaintiffs style this motion as one to modify the scheduling order rather than as a motion to "reopen discovery" because there is no discovery to reopen. This case is governed by the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, in which judicial review is confined to the administrative record that was before the agency at the time of its decision. *See Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 87 F.3d 1242, 1246 (11th Cir. 1996). Production of that record is not "discovery" in the traditional sense; instead, it is the mechanism by which the agency furnishes the court with the materials necessary for judicial review. *See* FED. R. CIV. P. 26(a)(1)(B) (exempting "an action for review on an administrative record" from traditional discovery procedures). Accordingly, Plaintiffs seek only to modify the scheduling order to establish a deadline for Defendants to produce the administrative record.

### III.   ARGUMENT

**A. Good cause exists to modify the scheduling order.**

Good cause exists to modify the Case Management and Scheduling Order because Plaintiffs have been diligent in seeking production of the administrative record, and the current scheduling order does not account for the unique procedural posture of this case.

Plaintiffs acted diligently throughout this litigation. The parties' initial Case Management Report did not anticipate the need for traditional discovery or the production of the administrative record. *See* Dkt. 53 at 4. Nor could it have, as Plaintiffs' APA claims had not yet been asserted. After the dismissal of the Second Amended Complaint, Plaintiffs filed a Third Amended Complaint that fundamentally reshaped the case and, for the first time, added APA claims. Dkt. 88. Almost immediately, Plaintiffs began to communicate with Defendants about obtaining the administrative record. When those efforts proved unavailing, Plaintiffs promptly moved to compel production of the administrative record, demonstrating their continued diligence in pursuing the materials essential to this Court's review. Dkt. 98.

Although the Court denied the motion to compel, the Panel expressly invited the parties to seek an extension or reopening of deadlines. Dkt. 106 at 2. Plaintiffs now bring this Motion in direct response to the Panel's invitation and do so without delay.

4

No party will be prejudiced by modification of the scheduling order. Defendants are obligated to produce the administrative record in any APA case as a matter of course. *See* 5 U.S.C. § 706 (directing the reviewing court to "review the whole record or those parts of it cited by a party"). The administrative record is not "discovery" in the traditional sense; it is the mechanism by which the agency furnishes the court with the materials necessary for judicial review. *See* FED. R. CIV. P. 26(a)(1)(B) (exempting "an action for review on an administrative record" from initial disclosure requirements). Setting a deadline for production of the administrative record, therefore, imposes no additional burden beyond what is already required by law. Indeed, the orderly resolution of this case requires that the administrative record be before the Panel so that it may evaluate the pending motions and, ultimately, the merits of Plaintiffs' claims. Without the administrative record, this Panel cannot perform the review contemplated by the APA—namely, determining whether the agency action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." § 706(2)(A).

The interests of judicial economy and the prompt resolution of this litigation weigh in favor of modification. This case involves claims of significant public importance, and further delay in the production of the administrative record will impede this Court's ability to resolve those claims on the merits.

The requested modification is also narrow. Plaintiffs seek only to establish deadlines governing production, identification of deficiencies, conferral, and certification of the administrative record:

| Event | Proposed Deadline |
|---|---|
| Defendants produce the administrative record | June 15, 2026 |
| Plaintiffs identify any issues with the administrative record | June 30, 2026 |
| Parties confer regarding any disputed issues | July 15, 2026 |
| Defendants certify the administrative record | July 31, 2026 |

These deadlines are reasonable and tailored to ensure efficient adjudication of the APA claims now before the Panel.

**B. Plaintiffs conferred with opposing counsel.**

In compliance with the Panel's directive in its April 29 Order, *see* Dkt. 106, and Local Rule 3.01(g), Plaintiffs' counsel conferred with counsel for Defendants and Intervenors regarding the relief requested in this Motion.

Defendants and Intervenors oppose the requested modification. Intervenors indicated that they oppose further proceedings of any kind until the Panel rules on the pending motions to dismiss.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Panel grant this Motion and enter an order modifying the Case Management and Scheduling Order to set a deadline for Defendants' production of the administrative record with any remaining deadlines corresponding to the dates the Panel sets for production of the administrative record.

DATED: May 8, 2026

*/s/ Emily Percival*
Emily Percival (FBN 119313)
James K. Rogers (AZ Bar No. 027287)*
Ryan Giannetti (DC Bar No. 1613384)*
Crystal Clanton (AL Bar No. 1746D29O)*
Robert A. Crossin (IN Bar No. 39340-49)*
Alice Kass (MD Bar No. 2511201130)*
**America First Legal Foundation**
611 Pennsylvania Ave., SE #231
Washington, D.C. 20003
Phone: (202) 964-3721
emily.percival@aflegal.org
james.rogers@aflegal.org
ryan.giannetti@aflegal.org
crystal.clanton@aflegal.org
bobby.crossin@aflegal.org
alice.kass@aflegal.org

Respectfully submitted,

R. Quincy Bird (FBN 105746)
Timothy W. Weber (FBN 86789)
Jeremy D. Bailie (FBN 118558)
**Weber, Crabb & Wein, P.A.**
5453 Central Avenue
St. Petersburg, FL 33710
Telephone: (727) 828-9919
Facsimile: (727) 828-9924
timothy.weber@webercrabb.com
jeremy.bailie@webercrabb.com
quincy.bird@webercrabb.com
Secondary:
lisa.willis@webercrabb.com
honey.rechtin@webercrabb.com
natalie.deacon@webercrabb.com

*Admitted *pro hac vice*

*Counsel to Plaintiffs*

7

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2026, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

*/s/ Emily Percival*
Emily Percival (FBN 119313)