UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNIVERSITY OF SOUTH FLORIDA COLLEGE REPUBLICANS, et al., <br><br>     Plaintiffs, <br><br> v. <br><br> HOWARD W. LUTNICK, et al., <br><br>     Defendants. | No. 8:25-cv-02486-WFJ-SDM-RSR |

## **INTERVENORS' OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY THE CASE MANAGEMENT AND SCHEDULING ORDER**

Plaintiffs' Motion to Modify the Case Management and Scheduling Order, Dkt. 107 ("Motion"), is yet another misguided attempt to salvage claims that fail as a matter of law. There is not "good cause" to amend the scheduling order in this case for much the same reasons that Intervenors explained in their Opposition to Plaintiffs' motion to compel production of the administrative record. *See* Dkt. 101. Both pending motions to dismiss raise pure questions of law which the Court can and should resolve on the pleadings. Neither the administrative record nor fact discovery are necessary at this juncture. Only if both motions to dismiss are denied would it be appropriate to

consider whether to set a deadline for production of the administrative record. The Court should therefore deny the motion to amend the scheduling order.

## BACKGROUND

When Plaintiffs initiated this case, the parties agreed that no discovery or special handling of document production was required, *see* Dkt. 53 at 4, leading the Court to enter a Case Management and Scheduling Order with a discovery deadline of February 20, 2026. Dkt. 57 at 1. On January 7, 2026, Plaintiffs themselves asked the Court to stay discovery. *See* Dkt. 76.

After the Court dismissed their claims as untimely, *see* Dkt. No. 84, Plaintiffs abruptly changed course. They first filed a Third Amended Complaint ("TAC"), which purports to replead their time-barred claims under the Administrative Procedure Act ("APA"). Dkt. 88. Then, with Defendants' and Intervenor's motions to dismiss pending, Plaintiffs filed a motion to compel production of the administrative record. Dkt. 98. Intervenors (and Defendants) opposed that motion, explaining that the administrative record is not needed to resolve the pending motions to dismiss because those motions raise purely legal arguments. *See generally* Dkt. 101.

The Court denied Plaintiffs' motion to compel as untimely because discovery closed on February 20, 2026. *See* Dkt. 106. Plaintiffs have now filed a "motion to modify the Case Management and Scheduling Order," in which

2

they seek to impose a June 15 deadline for production of the administrative record.

## ARGUMENT

The Court should deny Plaintiffs' Motion for three reasons. *First*, the Court should resolve the pending motions to dismiss, which raise legal issues on which the administrative record has no bearing. Courts routinely resolve motions to dismiss in APA cases without requiring production of the administrative record where the issues involved are purely legal. *Second*, Plaintiffs have failed to identify any final agency action for which they seek the accompanying administrative record. *Third*, Plaintiffs have failed to show good cause to amend the scheduling order; although they filed the TAC containing their APA claim before the discovery deadline, they waited until months after the deadline to seek production of the administrative record.

## I. The administrative record is not relevant to the pending motions to dismiss.

The Court should not modify the scheduling order to allow production of the administrative record because the administrative record is unnecessary to resolve the pending motions to dismiss. An APA claim may be dismissed without reference to the administrative record when "the underlying premise of the complaint is legally flawed (rather than factually unsupported)." *Atieh v. Riordan*, 727 F.3d 73, 76 n.4 (1st Cir. 2013). Every argument in the pending

motions to dismiss fits that description: Intervenors argue that (1) Plaintiffs lack standing, which must be resolved "based on the facts alleged in the complaint," *Kawa Orthodontics, LLP v. Sec'y, U.S. Dep't of the Treasury*, 773 F.3d 243, 246 (11th Cir. 2014) (quoting *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001)); (2) Section 209 forecloses Plaintiffs' APA claims as a matter of law; (3) Plaintiffs' claims are time-barred based on the face of the complaint; and (4) Plaintiffs' constitutional and statutory arguments are premised on theories the Supreme Court has already rejected and lack sufficient supporting allegations. *See* Dkt. 101 at 4–7 (explaining why the Court should deny Plaintiffs' motion to compel on this basis); Dkt. 96 (Intervenors' motion to dismiss the TAC). To modify the scheduling order before resolving these purely legal arguments "would be the height of pointlessness." *Animal Legal Def. Fund v. U.S. Dep't of Agric.*, 789 F.3d 1206, 1224 n.13 (11th Cir. 2015).

## II. Plaintiffs have failed to identify the final agency action for which they seek the administrative record.

Plaintiffs' Motion also fails because Plaintiffs fail to specify with any particularity which administrative decisions they challenge or what documents they believe they are lacking, making the compilation of an administrative record an unusually fraught and burdensome matter in this case. In an APA case, the "whole record" consists of "the full administrative record that was before the Secretary at the time he made his decision." *Citizens*

4

*to Pres. Overton Park v. Volpe*, 401 U.S. 402, 419–420 (1971). But Plaintiffs have never identified a discrete challenged decision. Instead, they launch a broadside attack on the Census Bureau's use of imputation methods generally, without explaining which specific decisions they believe were unlawful, nor what administrative record might accompany those decisions. Dkt. 98 at 7. Plaintiffs are not entitled to a fishing expedition to identify potential agency actions for challenge.

### III.   Plaintiffs' request to amend the case schedule is untimely.

Plaintiffs' Motion fails for the additional reason that they have failed to show good cause to amend the Case Management and Scheduling Order. Under Fed. R. Civ. P. 16(b)(4), a schedule "may be modified only for good cause." "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note). Plaintiffs filed the TAC on February 17, 2026—before the discovery deadline in the Case Management and Scheduling Order—and presumably knew they planned to assert an APA claim well in advance of that date. They also presumably knew that "APA claims are [typically] resolved on the administrative record," as they assert in their Motion. *See* Motion at 2. Yet rather than seeking the administrative record or moving to amend the case schedule at that point, they waited until a month

5

and a half after the discovery deadline to file their motion to compel. *See* Dkt. 98. Plaintiffs thus have not demonstrated diligence—and "[i]f a party was not diligent, the good cause inquiry should end." *Sosa*, 133 F.3d at 1418 (citations and alterations omitted).

## CONCLUSION

The Court should deny Plaintiffs' Motion.


Dated: May 22, 2026                          Respectfully submitted,

Frederick Wermuth                        */s/ David R. Fox*
Florida Bar No. 0184111                  David R. Fox* (Lead Counsel)
Quinn B. Ritter                          Richard A. Medina*
Florida Bar 1018135                      Max C. Accardi*
**KING, BLACKWELL, ZEHNDER**             Tori Shaw*
  **& WERMUTH, P.A.**                    **ELIAS LAW GROUP LLP**
25 East Pine Street                      250 Massachusetts Ave NW
Orlando, FL 32801                        Suite 400
Telephone: (407) 422-2472                Washington, D.C. 20001
Facsimile: (407) 648-0161                Telephone: (202) 968-4490
fwermuth@kbzwlaw.com                     dfox@elias.law
qritter@kbzwlaw.com                      rmedina@elias.law
                                         maccardi@elias.law
*Counsel for Intervenors*                tshaw@elias.law
                                         **Admitted Pro Hac Vice*

                                         *Counsel for Intervenors*

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 22, 2026, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

<u>*/s/ Frederick S. Wermuth*</u>
Frederick S. Wermuth
Florida Bar. No. 0184111