**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| UNIVERSITY OF SOUTH FLORIDA COLLEGE REPUBLICANS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> HOWARD W. LUTNICK, Secretary of Commerce, *in his official capacity*, *et al.*, <br><br> *Defendants*. | Case No. 8:25-cv-2486-WFJ-SDM-RSR |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY
THE CASE MANAGEMENT AND SCHEDULING ORDER**

Plaintiffs sought and failed to compel production of the administrative record ("AR") in this matter, *see* ECF Nos. 98, 106, and now seek to modify the Case Management and Scheduling Order ("CMSO"), ECF No. 57, to require production of the AR on their preferred timeline, *see* Pls.' Opposed Motion to Modify the CMSO ("Motion"), ECF No. 107 at 6. But Plaintiffs' concerns with the CMSO result from their lack of diligence in pursuing their claims and, as a result, they cannot show good cause for modification of the CMSO at this time.

Plaintiffs asserted need for modification of the CMSO is self-created and was entirely preventable. Despite having all the information necessary to formulate their Administrate Procedure Act ("APA") claims from the outset of this case, Plaintiffs made the strategic choice to forgo asserting any APA claims until their Third

Amended Complaint ("Complaint"), ECF No. 88. Plaintiffs also agreed from the outset of this case that no discovery or special handling was necessary. Only after amending their pleading did Plaintiffs begin insisting that an administrative record was required immediately. Plaintiffs cannot demonstrate good cause for modification of the CMSO now, where the need for relief arises from their own shifting litigation strategy rather than from newly discovered facts or changed circumstances.

Due to Plaintiffs' lack of diligence in pursuing their claims, Plaintiffs are not entitled to modify the CMSO now to pursue an administrative record tied to claims that may not survive a threshold Rule 12 dismissal. Defendants identify in their pending Motion to Dismiss, ECF No. 97, inter alia, how Plaintiffs' Complaint is time barred and fails to identify any final agency action subject to review under the APA. Defs.' Mot. Dismiss §§ I–II, ECF No. 97. And absent a final agency action, there is no administrative record for the Court to order Defendants to compile or produce in the first instance.

At minimum, production of any purported administrative record is premature before the Court resolves Defendants' Motion to Dismiss, which raises threshold defects based only on the allegations of the Complaint. An administrative record does not bear on the resolution of those arguments, and Rule 12 provides agencies with a valuable mechanism to avoid the burden and resource-consuming process of compiling and producing records in nonjusticiable APA cases. That concern is particularly acute here, where Plaintiffs challenge the 2020 Census Operational Plan 5.0 ("5.0 Plan") as an alleged final agency action. *See* Compl. ¶ 201. The 5.0 Plan

documented a vast array of operational adjustments to the 2020 Census, and producing an "administrative record" for it would be a gargantuan undertaking that would require many months of intensive work. Mandating the early production of such an "administrative record" would certainly prejudice Defendants, especially given the numerous timeliness and jurisdictional defects in the Complaint. *See generally* Defs.' Mot. Dismiss, ECF No. 97. The Court should deny Plaintiffs' Motion without prejudice to refiling after the Court resolves the pending dispositive motions.[1]

## BACKGROUND

On February 3, 2026, the Court dismissed Plaintiffs' Second Amended Complaint with leave to amend, holding that Plaintiffs' claims were time barred. ECF No. 84 at 10, 19. Plaintiffs subsequently filed their Complaint on February 17, 2026, adding the United States as a Defendant and explicitly alleging that their claims under Pub. L. No. 105-119, § 209 as APA claims, Compl. at 1, 39 n.5, and bringing additional standalone APA claims, *id.* ¶¶ 196–217 (Counts 3 through 5). On February 25, 2026, Defendants filed their Unopposed Motion for Extension of Time to Respond to Plaintiffs' Complaint, ECF No. 92, which the Court granted, ECF No. 93.

---

[1] Defendants discuss Plaintiffs' diligence in pursuit of their claims because that is how the Eleventh Circuit has framed the inquiry over the showing of good cause required to modify a scheduling order. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). This framing makes sense in the typical context of a party seeking to modify a scheduling order when the party cannot meet, or has already missed, a key deadline. *See id.* (affirming district court's denial of a motion to amend the complaint that was filed after the time prescribed in the scheduling order). Here, Plaintiffs do not seek to change an existing deadline, but to add a new one that was not previously contemplated in the CMSO. Nevertheless, Plaintiffs' diligence remains the relevant inquiry, *see id.* at 1419.

Intervenor-Defendants and Defendants then filed motions to dismiss on March 27, 2026. ECF Nos. 96, 97.

Defendants' Motion to Dismiss raised several threshold issues. *See* Defs.' Mot. Dismiss §§ I–III. First, Defendants argued that Plaintiffs' unexcused delay in bringing the suit prejudiced Defendants, and this action is barred by the doctrine of laches and the applicable statute of limitations. *Id.* § I. Defendants also explained that Plaintiffs fail to plausibly allege facts supporting their Article III standing to bring these claims, while the Complaint alleges no final agency action that would provide jurisdiction under the APA. *Id.* § II. Finally, Defendants raised a single ground for dismissal under Rule 12(b)(6) because Plaintiffs fail to plausibly allege facts that state a claim for relief. *Id.* § III.

On April 1, 2026, Plaintiffs filed a Motion to Compel Defendants to Produce the Administrative Record, ECF No. 98, seeking an administrative record for the 5.0 Plan before Plaintiffs respond to the motions to dismiss. *See* ECF No. 98 at 1, 2; *see also* Compl. ¶ 48 (citing U.S. Census Bureau, *2020 Census Operational Plan Version 5.0* 221 (2022), https://perma.cc/8XX6-YA5F), ¶ 201 (calling the 5.0 Plan "final agency action"). Intervenor-Defendants and Defendants opposed, ECF Nos. 101, 102, and Plaintiffs ultimately filed their opposition to the motions to dismiss before the Court ruled on Plaintiffs' Motion to Compel. *See* ECF No. 105.

On April 29, 2026, the Court denied Plaintiffs' Motion to Compel as untimely. The Court noted that "the parties filed a Case Management Report on November 15, 2025, stating that no discovery was needed, and no special handling of discovery

matters was requested." ECF No. 106 at 2 (citing the Parties' Case Management Report, ECF No. 53 at 4). The Court further noted that it "entered a Case Management and Scheduling Order setting a discovery cut-off of February 20, 2026," *id.* (citing ECF No. 57 at 1), and that "[t]he docket does not show any request to reopen or extend discovery," *id.*

Plaintiffs now file a Motion to modify the CMSO, ECF No. 57. Plaintiffs argue that their diligence in seeking an administrative record after they filed their Complaint, "which, for the first time, asserted claims under the Administrative Procedure Act," warrants good cause to modify the CMSO to set a deadline of June 15, 2026, for Defendants to produce an administrative record. Motion at 2, 4.

## LEGAL STANDARD

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). But "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* (collecting cases).

## ARGUMENT

Because of Plaintiffs' lack of diligence in pursuing their case, Plaintiffs cannot show good cause to warrant modification of the CMSO. Even if they could, Plaintiffs are not entitled to an administrative record before making a plausible threshold

5

showing of jurisdiction. Production of an administrative record is premature before the Court resolves Defendants' pending Motion to Dismiss, which raises threshold defects based only on the allegations of the Complaint, including that Plaintiffs fail to identify any final agency action for which an administrative record could be produced under the APA. Plaintiffs are not entitled to modify the CMSO to pursue an administrative record tied to claims that may not survive threshold dismissal, and the Court should deny Plaintiffs' Motion.

### I.    Plaintiffs fail to show good cause to modify the CMSO.

Plaintiffs claimed diligence in requesting an administrative record from Defendants cannot cure their lack of diligence in pleading the very APA claims on which their request depends. The relevant inquiry is not whether Plaintiffs diligently sought the administrative record after filing their Complaint, but whether Plaintiffs diligently pursued the claims that necessitate a deviation from the Court's scheduling order. *Sosa v. Airprint Sys.*, Inc., 133 F.3d 1417, 1419 (11th Cir. 1998). Plaintiffs did not.

"Deadlines are not meant to be aspirational." *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 864 (11th Cir. 2004). Indeed, after receiving the parties Rule 26(f) report a district court must enter a scheduling order that limits the time to complete discovery and "control[s] the subsequent course of the action." Fed. R. Civ. P. 16(b); Fed. R. Civ. P. 16 Advisory Committee's Notes (1983 amendment) (quoting former Rule 16). Here, the Court did just that. It took receipt of the Parties' Joint Case Management Report, ECF No. 53, which contained the Parties Rule 26(f) discovery plan, *id.* at 3–

4. Taking into consideration the Parties' representations that this case does not require discovery or special handling, *id.* at 4, the Court entered an appropriate CMSO setting a discovery cut-off of February 20, 2026, ECF No. 57 at 1.

Yet, Plaintiffs failed to abide by the Court's CMSO by failing to demand an administrative record until after close of the February 20, 2026, discovery deadline. *See* Motion at 2 (identifying March 4, 2026, as the beginning of Plaintiffs' communications with Defendants regarding production of an administrative record). This failure is entirely self-imposed and "resulted from a lack of diligence in pursuing [their] claim[s]." *Sosa*, 133 F.3d at 1419. Despite having all the information necessary to formulate their claims before initiating this action, Plaintiffs failed to properly plead their purported APA claims or identify the need for an administrative record at the outset of their case. *Cf. id.* (finding a lack of diligence, noting the information supporting the proposed amendment to the complaint "was readily accessible to [plaintiff] prior to initiating her action"). Instead, Plaintiffs waited until their Complaint to explicitly assert "APA claims" and demand—for the first time five months after initiating their case and after the close of discovery—an administrative record.

Plaintiffs argue that they could not have anticipated the need for an administrative record during the Parties' Case Management Report "as Plaintiffs' APA claims had not yet been asserted." Mot. at 4. But according to the Complaint, Plaintiffs maintain (to dodge the four-year statute of limitations in 28 U.S.C. § 1658) that their claims have always been APA claims. *See* Compl. at 39 n.5 ("Plaintiffs

maintain that claims under Pub. L. No. 105-119, § 209 are a form of special statutory review proceeding under 5 U.S.C. § 703 and are therefore APA claims."); *see also id.* at 1 ("This amended complaint clarifies that this suit is brought against the United States under the Administrative Procedure Act . . . ."); ECF No. 103 at 28 ("Section 209 is not a freestanding remedial scheme separate from the APA; instead, it is a special statutory review proceeding that operates within the APA framework."). *But see* Compl. at 39 n.5 (stating their APA claims are "standalone APA claims [brought] in the alternative"); Mot. at 4 (stating "Plaintiffs APA claims had not yet been asserted" at the time of the Case Management Report and that the Complaint "fundamentally reshaped the case and, for the first time, added APA claims").

Whether Plaintiffs brought APA claims for the first time in their Complaint, or "maintain" that their claims have always been APA claims, Compl. at 39, Plaintiffs fail to show diligence in properly pleading their case and notifying Defendants and the Court of the necessity of an administrative record from the outset. Plaintiffs maintained that this case did not warrant discovery or any special handling of discovery, ECF No. 53 at 4. Only after amending their pleading did Plaintiffs insist that an administrative record is now required. Plaintiffs fail to show diligence in adhering to the CMSO and their request for modification now is unwarranted.

Plaintiffs cannot show good cause to modify the scheduling order at this time. The Court should deny Plaintiffs' Motion.

## II. Plaintiffs are not entitled to an order setting production for an administrative record before they plausibly allege a justiciable case.

Plaintiffs' entitlement to an administrative record is particularly unwarranted where Plaintiffs fail to identify a final agency action that is reviewable under the APA at all, *see* Defs.' Mot. Dismiss § II.D, and therefore fail to plausibly allege that this Court has jurisdiction, *see Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1236 (11th Cir. 2003) ("[F]ederal jurisdiction is similarly lacking when the administrative action in question is not 'final.'"); *see also Jallali v. Sec'y, U.S. Dep't of Educ.*, 437 Fed. App'x 862, 865 (11th Cir. 2011) (dismissing case for lack of jurisdiction because agency action challenged was not final under APA). And Defendants would have opposed a production date for an "administrative record" during the Parties Joint Case Management Report, had Plaintiffs raised the request.

Indeed, Defendants' Motion to Dismiss raises several threshold issues based on the allegations and information included in Plaintiffs' pleadings. *See* Defs.' Mot. Dismiss §§ I–II; *see also U.S. S.E.C. v. Quest Energy Mgmt. Grp., Inc.*, 768 F.3d 1106, 1108 (11th Cir. 2014) ("standing 'is the threshold question in every federal case, determining the power of the court to entertain the suit.'" (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975))); *In re Dini*, 566 B.R. 220, 227 (Bankr. N.D. Ill. 2017) (referring to laches as a "threshold issue"); *San Carlos Apache Tribe v. U.S. Forest Service*, 803 F. Supp. 3d 879, 915, 919 (D. Ariz. 2025) (considering final agency action among "Threshold Issues") *aff'd sub nom. Ariz. Mining Reform Coal. v. U.S. Forest Serv.*, 172 F.4th 641 (9th Cir. 2026). Thus, it is inefficient for the Court to order production of an enormously

9

complex and lengthy "administrative record" in the absence of a justiciable controversy. *See* Defs.' Motion to Dismiss §§ I–II, ECF No. 97; *see also* discussion *infra* § III.

Plaintiffs' request for the Court to set a production schedule for an administrative record before the Court rules on the fully-briefed Rule 12 motions would render Rule 12 largely meaningless in APA cases. Such a requirement would effectively deprive the agency of a method to avoid the burden of compiling and producing an administrative record in the many types of cases that should be dismissed at the threshold. Setting a production date for an administrative record prior to resolving these threshold issues would be disruptive and waste party and judicial resources, particularly here where Plaintiffs fail to allege a final agency action that is reviewable.

The better approach is that taken by the U.S. District Court for the Northern District of Alabama in *Alabama v. U. S. Department of Commerce*, 396 F. Supp. 3d 1044 (N.D. Ala. 2019). There, the State of Alabama challenged the rule used to determine residency in the 2020 Census, claiming injury through vote dilution, loss of representation, and loss of funding. *See Alabama*, 396 F. Supp. 3d at 1050. Defendants moved to dismiss for lack of jurisdiction, and the Court only ordered production of an administrative record after denying the motion to dismiss. *See id.* at 1058; *Alabama*, 396 F. Supp. 3d 1044 (No. 2:18-cv-772-RDP), Initial Scheduling Order at 2, ECF No. 111 (ordering production of administrative record by November 1, 2019—nearly five months after court denied the motion to dismiss). The Court should follow the same

10

sequence here.

Under these circumstances, Plaintiffs are not entitled to an administrative record before the Court resolves the threshold jurisdictional and pleading defects raised in Defendants' Motion to Dismiss. At a minimum, production of an administrative record is premature, and the Court should deny Plaintiffs' Motion without prejudice to refiling after the Court resolves the pending motions to dismiss.

### III. Producing an administrative record here would be a significant undertaking.

Moreover, because Defendants maintain that the 5.0 Plan is not a final agency action and did not "mark the 'consummation' of the agency's decisionmaking process," *Bennett v. Spear*, 520 U.S. 154, 178 (1997) (citation omitted), Defendants are still assessing, though with diligence, what documents might even be considered part of any "administrative record." Based on currently available information, the record would likely be massive and require significant resources and time—potentially many months—to compile.

The 5.0 Plan is 230 pages long, providing a retrospective and descriptive view of an array of issues related to testing, operational plans, and risks identified in the 2020 Census. *See* 5.0 Plan at 57–196 (describing 2020 Census operations, key risks, and quality analysis in detail). The 5.0 Plan "covers all operations required to execute the 2020 Census, starting with precensus address and geographic feature updates, and ending once census data products are disseminated and coverage and quality are measured." 5.0 Plan at 2. It includes 35 specific operations, which in turn include

11

numerous processing steps and sub-operations, implemented during the 2020 Census. *See e.g.*, *id.* at 11, 57. As a result, the 5.0 Plan does not document any single, particular decision, and the scope of a potential "administrative record" for the plan is both broad and difficult to ascertain. Accordingly, a full "administrative record" for the 5.0 Plan might need to cover all the significant operations involved in the 2020 Census.

Producing a record of this magnitude would require significant time and, especially in a nonjusticiable case, unnecessarily consume substantial resources. If the Court is inclined to set a production date for an administrative record before ruling on the pending dispositive motions, Defendants would need time to fully develop a plan for gathering and producing a record, and Defendants respectfully request 45 days to propose a production schedule for an administrative record.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Motion without prejudice to refiling after the Court resolves the pending dispositive motions.

Dated: May 22, 2026            Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ALEXANDER K. HAAS
Director

STEPHEN M. ELLIOTT
Assistant Branch Director

*/s/ Kathryn Alkire*
KATHRYN L. ALKIRE
(FL Bar No. 1050146)
*Counsel for Defendants*
KEVIN K. BELL
(GA Bar No. 967210)
*Lead Counsel for Defendants*
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Phone: (202) 451-7743
E-mail: Kathryn.L.Alkire@usdoj.gov

13