**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| UNIVERSITY OF SOUTH FLORIDA COLLEGE REPUBLICANS, MICHAEL FUSELLA, PINELLAS COUNTY YOUNG REPUBLICANS, PARISA MOUSAVI, GRETCHEN ZOELLER, and BYRON L. DONALDS,<br><br>    *Plaintiffs*,<br><br>v.<br><br>SECRETARY OF COMMERCE and ACTING DIRECTOR, U.S. CENSUS BUREAU,<br><br>    *Defendants*,<br><br>ALLIANCE FOR RETIRED AMERICANS, MANUEL GUERRERO, and CAMERON DRIGGERS,<br><br>    *Intervenors-Defendants*. | Case No. 8:25-cv-02486<br>**THREE-JUDGE PANEL** |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO MODIFY THE CASE MANAGEMENT AND SCHEDULING ORDER**

"The case is dismissed without prejudice. Plaintiffs have *leave to amend and refile within 14 days.*" ECF No. 84 at 19 (emphasis added). Defendants and Intervenors fundamentally mischaracterize Plaintiffs' current posture before this Panel. Plaintiffs are not *seeking* leave to amend a pleading—the Panel already granted it. Plaintiffs timely amended within the fourteen-day window,

1

as directed. The Panel imposed no restrictions on the form of the amended pleading, nor did it prescribe the specific issues the amendment should address. Plaintiffs cured every deficiency identified in the Second Amended Complaint—the very purpose for which leave was granted. *See* ECF No. 105. The Panel "freely g[ave] leave [as] justice so require[d]." Fed. R. Civ. P. 15(a)(2). Plaintiffs now seek only that the scheduling order be modified to reflect these changes.

## I.    ARGUMENT

### A. Plaintiffs showed diligence and did not delay.

Plaintiffs have not missed a single deadline in this case, nor have they requested any extension of time. Plaintiffs have moved swiftly and diligently, attempting to "expedite to the greatest possible extent" the resolution of this matter. Department of Commerce and Related Agencies Appropriations Act, Pub. L. No. 105-119, § 209(e)(2), 111 Stat. 2440 (1997). Plaintiffs do not seek extraordinary relief (i.e., an extension of time or leave to file out of time). Their Third Amended Complaint was filed within the fourteen-day deadline. ECF No. 88.

Defendants attempt to recast this Motion as the product of Plaintiffs' "self-created" "lack of diligence," ECF No. 109 at 1, but that suggestion is meritless and ignores the Panel's "freely give[n]" leave to amend. Fed. R. Civ. P. 15(a)(2). It is irrelevant that Plaintiffs "shift[ed] litigation strategy." ECF

2

No. 109 at 2. Plaintiffs were permitted to do so, and the scheduling order must necessarily be modified to reflect this change.

*Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998), supports Plaintiffs' position. It stands for the unremarkable proposition that a movant who demonstrates good cause (*i.e.*, diligence in pursuing her claims) *may* obtain modification of a scheduling order to permit an out-of-time filing. Here, Plaintiffs are not seeking to modify the scheduling order to accommodate an out-of-time filing. They are seeking to modify it based on a material change in circumstances—the pleading of new and different claims with the Court's express permission.

### B. The administrative record is not discovery.

Defendants' and Intervenors' reliance on the discovery deadline set in the scheduling order is equally misplaced. The administrative record is not discovery, and courts have consistently refused to treat it as such. *See Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs,* 87 F.3d 1242, 1246–47 (11th Cir. 1996). Plaintiffs maintain that "no discovery or special handling [is] necessary." ECF No. 53 at 4. In an Administrative Procedure Act case, production of the administrative record is neither discovery nor special handling. It is a procedural linchpin, a settled expectation, and one that the Panel should account for in its scheduling order. *See Army Corps of Eng'rs*, 87 F.3d at 1246 (citing *Camp v. Pitts*, 411 U.S. 138,

142 (1973)). Conflating traditional pre-trial, discovery, and trial deadlines with those deadlines that need to be set in an APA case is a category error.

### C. Defendants' and Intervenors' arguments on the merits do not defeat the need for production of the AR.

Finally, Defendants and Intervenors use their responses to buttress their Motions to Dismiss. Defendants assert they would have "opposed a production date for an 'administrative record' during the Parties Joint Case Management Report," because Plaintiffs purportedly fail to identify a reviewable "final agency action." ECF No. 109 at 9. Defendants are wrong for two reasons.[1]

First, Defendants' attempt to incorporate the merits of this case into this scheduling dispute is improper. The question at this stage is whether Plaintiffs have filed a claim under the APA, not whether their APA claims will ultimately succeed. Plaintiffs have squarely alleged that the Plan 5.0 is final agency action "because it reflects the Bureau's final position on how the 2020 Census was conducted, including the statistical methods employed." ECF No. 105 at 25. Case schedules are set based on the nature of claims. They are not set based on predictions of their likelihood of success.

---

[1] Defendants are wrong for the more fundamental reason that such a scheduling conference never would have occurred. Under Local Rule 3.02(d)(2), "action[s] for review on an administrative record" are exempt from that process.

Second, Defendants are wrong that Plaintiffs have not identified final agency action. Defendants' citations to cases regarding "final" agency action are inapposite. The Census was complete. Imputation had been considered, chosen, and employed. The Plan 5.0 memorializes its use. The Plan is neither "tentative" nor "interlocutory," and there have been severe "legal consequences" flowing from the decisions that were consummated in that report. *Bennett v. Spear*, 520 U.S. 154, 178 (1997). Although "agency action . . . need not be in writing to be final and judicially reviewable," *Noto v. Noem*, 820 F. Supp. 3d 1344, 1352 (M.D. Fla. 2026), Defendants themselves reduced the decision to writing in Plan 5.0.

Defendants and Intervenors' fallback position—that setting a production date is "premature"—fares no better. Defendants made a deliberate choice (over Plaintiffs' objection) to make merits arguments in their Motion to Dismiss, and that choice counsels in favor of immediate production of the administrative record. In an APA case, merits questions require review of the administrative record. *O'Neill v. Cate*, 647 F. Supp. 3d 1299, 1305 (S.D. Fla. 2022) ("[T]here is no real distinction . . . between the question presented on a 12(b)(6) motion and a motion for summary judgment." (internal quotations omitted)). Defendants opposed Plaintiffs' proposal to limit briefing at this stage to threshold issues, yet now ask the Panel to defer setting a production

5

deadline on the basis that the Court's focus should be on threshold issues. ECF No. 109 at 9. Defendants cannot have their cake and eat it too.

Defendants' reliance on *Alabama v. U. S. Department of Commerce* is misplaced. 396 F. Supp. 3d 1044 (N.D. Ala. 2019). In *Alabama*, the defendants did exactly what Plaintiffs here proposed: they briefed only the Rule 12(b)(1) issues at the initial motion-to-dismiss stage. Defendants' Motion to Dismiss at 1, *Alabama v. U. S. Dep't of Com.*, 396 F. Supp. 3d 1044, No. 2:18-cv-772 (N.D. Ala. Nov. 13, 2018). The Panel cannot "follow the same sequence here," ECF No. 109 at 10–11, because Defendants have put issues before the Panel that require the administrative record to resolve. Defendants cannot unilaterally narrow the Panel's consideration of Defendants' own Motion to Dismiss to the threshold issues alone—they insisted on briefing all the issues at this stage. Plaintiffs are entitled to full resolution in kind.

Additionally, *Alabama* was not a Section 209 case. The district court there faced no statutory mandate to expedite proceedings, and the timeliness concerns that govern here were simply absent. Putting the Panel in a holding pattern to merely set a date for production is unnecessarily kicking the can down the road and is uniquely out of sync with the mandate in Section 209.

Finally, Defendants concede that producing a record for the Plan 5.0 would be a "significant undertaking" requiring "significant time." ECF No. 105 at 11–12. That concession only reinforces the urgency: given the pressing need

6

to consider the record at this stage and the time required to compile it, the Panel should order Defendants to start compiling the record immediately.

## II.   CONCLUSION

Defendants' "asserted need" to delay production of the administrative record is "self-created and was entirely preventable." ECF No. 109 at 1. If Defendants had limited their Motion to Dismiss to threshold issues, production would not be necessary. But they chose otherwise, briefing at length merits issues that require production and review of the administrative record. Plaintiffs, for their part, have not failed to diligently pursue their claims. Plaintiffs have met every deadline and only ask now that the Panel modify the scheduling order to account for the timely, invited changes. As Defendants themselves acknowledge, Plaintiffs "do not seek to change an existing deadline, but to add a new one that was not previously contemplated." ECF No. at 3 n. 1.

For the foregoing reasons, the Panel should grant Plaintiffs' motion and modify the scheduling order to adopt Plaintiffs' proposed timeline[2] in the Motion to Modify the Case Management and Scheduling Order.

---

[2] Plaintiffs attempted to confer with Defendants and Intervenors on a timeline. These efforts were not reciprocated. Plaintiffs now propose "their preferred timeline," ECF No. 109 at 1, resulting from these failed efforts.

DATED: May 29, 2026

Respectfully submitted,

*/s/ Emily Percival*
Emily Percival (FBN 119313)
James K. Rogers (AZ Bar No. 027287)*
Ryan Giannetti (DC Bar No. 1613384)*
Crystal Clanton (AL Bar No. 1746D29O)*
Robert A. Crossin (IN Bar No. 39340-49)*
Alice Kass (MD Bar No. 2511201130)*
**America First Legal Foundation**
611 Pennsylvania Ave., SE #231
Washington, D.C. 20003
Phone: (202) 964-3721
emily.percival@aflegal.org
james.rogers@aflegal.org
ryan.giannetti@aflegal.org
crystal.clanton@aflegal.org
bobby.crossin@aflegal.org
alice.kass@aflegal.org

R. Quincy Bird (FBN 105746)
Timothy W. Weber (FBN 86789)
Jeremy D. Bailie (FBN 118558)
**Weber, Crabb & Wein, P.A.**
5453 Central Avenue
St. Petersburg, FL 33710
Phone: (727) 828-9919
timothy.weber@webercrabb.com
jeremy.bailie@webercrabb.com
quincy.bird@webercrabb.com
Secondary:
lisa.willis@webercrabb.com
honey.rechtin@webercrabb.com
natalie.deacon@webercrabb.com

*Admitted *pro hac vice*

*Counsel to Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2026, I electronically filed the

foregoing with the Clerk of Court by using CM/ECF, which automatically

serves all counsel of record for the parties who have appeared.

*/s/ Emily Percival*
Emily Percival (FBN 119313)

8